THE EMPIRE STATE TRUST COMPANY, respondent,

*v.*

TRUSTEES OF WILLIAM F. FISHER & COMPANY and the BROADWAY TRUST COMPANY, appellants.

[Argued July 7th, 1904. Decided April 8th, 1905.]

1. Under clause *e* in section 70 of the Federal Bankrupt act, trustees in bankruptcy may avoid a mortgage made by a New Jersey corporation which the creditors of the corporation might avoid under section 64 of the New Jersey Corporation act. *P. L. of 1896 p. 277.*

2. Under section 64 of the New Jersey Corporation act, insolvency denotes a general inability to meet pecuniary liabilities as they mature, by means of either available assets or an honest use of credit.

3. A mortgage given merely to secure antecedent debts is not given "for value," within the meaning of clause *e* in section 70 of the Federal Bankrupt act, or for "a valuable consideration," within the meaning of section 64 of the New Jersey Corporation act.

---

On appeal of trustees of William F. Fisher & Company against Broadway Trust Company.

*Mr. Robert Adrain,* for the appellants.

*Mr. Sherrerd Depue,* for the respondent.

The opinion of the court was delivered by

DIXON, J.

The leading facts in this case are stated in the opinion of Vice-Chancellor Pitney, on which the decree now appealed from was rendered.

The controversy arises from the claim of the trustees in bankruptcy of a New Jersey corporation styled "William F. Fisher & Company," that the mortgage made by the corporation to the Broadway Trust Company, on September 10th, 1902, to secure a debt created on May 20th, 1902, was invalid against the creditors of the corporation, and should be so adjudged at the instance of the trustees. The decree complained of sustained the mortgage and the trustees appeal.

The rights of the appellants must be ascertained by the provisions of the Federal Bankrupt act. *Dudley* v. *Easton, 104 U. S. 99.*

We agree with the learned vice-chancellor in the opinion that when the mortgage was executed the corporation was not insolvent, within the meaning of that term as defined in the federal statute, and that there is no provision of the statute which, of its own force, would invalidate the mortgage.

But clause *e,* in section 70 of the act, is as follows:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication."

This brings up for consideration the question whether the creditors of the Fisher company might have avoided the mortgage.

The sixty-fourth section of the New Jersey Corporation act (*P. L. of 1896 p. 277*) declares that

"whenever any corporation shall become insolvent, or shall suspend its ordinary business for want of funds to carry on the same, neither the directors nor any officer or agent of the corporation shall sell, convey, assign or transfer any of its estate, effects, choses in action, goods, chattels, rights or credits, lands or tenements; nor shall they, or either of

them, make any such sale, conveyance, assignment or transfer in contemplation of insolvency; and every such sale, conveyance, assignment or transfer shall be utterly null and void as against creditors; *provided,* that a *bona fide* purchase for a valuable consideration, before the corporation shall have actually suspended its ordinary business, by any person without notice of such insolvency or of the sale being made in contemplation of insolvency, shall not be invalidated or impeached."

In enforcing this statute we are not controlled by the definition of insolvency contained in the Bankrupt act, but must accord to that term the meaning ascribed to it in the courts of this state. Here it denotes a general inability to meet pecuniary liabilities as they mature, by means of either available assets or an honest use of credit. *National Bank of Metropolis* v. *Sprague, 21 N. J. Eq. (6 C. E. Gr.) 530, 538; Skirm* v. *Eastern Rubber Manufacturing Co., 57 N. J. Eq. (12 Dick.) 179, 184.*

In this sense the Fisher company was undoubtedly insolvent when the mortgage was executed. It then owed $12,943.57 of accounts payable; $29,252.26 of promissory notes, of which notes amounting to $8,995 had been protested, and $39,000 of business debts secured by mortgages upon its manufacturing plant. Its available assets were insignificant; its legitimate credit was practically exhausted, and within a month thereafter a petition was filed upon which it was adjudged bankrupt.

Under the circumstances, it is beyond question that the mortgage made by the directors of the Fisher company to the trust company was rendered, by our statute, "utterly null and void as against creditors," unless it is saved as "a *bona fide* purchase for a valuable consideration," within the proviso of section 64.

This saving clause is of the same import as the corresponding clause in the paragraph above quoted from section 70 of the Bankrupt act, as will presently be seen on reference to cited cases.

I do not think the *bona fides* of the trust company has been successfully impugned, but the company does not hold the mortgage for "a valuable consideration."

The general rule is that one who acquires property (outside of commercial paper) as mere security for antecedent debts is not a holder for value. See note to *Basset* v. *Nosworthy, 2 Lead. Cas. Eq. 32.*

This rule prevails in New Jersey. *Knowles Loom Works* v. *Vacher, 57 N. J. Law (28 Vr.) 490; affirmed, 59 N. J. Law (30 Vr.) 586; Protection Building and Loan Association* v. *Knowles, 54 N. J. Eq. (9 Dick.) 519, 528; affirmed, 55 N. J. Eq. (10 Dick.) 822.*

The same doctrine is maintained in the United States tribunals. In *Morse* v. *Godfrey (No. 9856 of Federal Cases), 3 Story 364,* Justice Story, who, in *Swift* v. *Tyson, 16 Pet. 1,* had expressed the opinion that a person taking commercial paper as security for a pre-existing debt, in the usual course of business, became a holder for value, declared that there was a distinction in this respect between commercial paper and other kinds of property, and decided that a bank which had taken a mortgage upon stock in trade and real estate merely as security for old debts, without giving any new consideration upon the faith of it, was not a purchaser for value within the meaning of the Bankrupt law. This decision was followed by the supreme court of the United States, in *People's Savings Bank* v. *Bates, 120 U. S. 556,* where Justice Harlan, delivering the opinion, said: "The rules established in the interests of commerce to facilitate the negotiation of mercantile paper, which for all practical purposes passes by delivery as money, and is the representative of money, ought not, in reason, to embrace instruments conveying or transferring real or personal property as security for the payment of money."

In the light of these adjudications we must conclude that the trust company is not a "purchaser for a valuable consideration," or a "holder for value," within the true intent of the exceptions in section 64 of the New Jersey Corporation act and section 70, clause *e,* of the Bankrupt law. Hence the trust company mortgage must be held void as against the trustees in bankruptcy of the Fisher company, and the decree below must be reversed.

*For affirmance*—PITNEY, GREEN, GRAY—3.

*For reversal*—DIXON, GARRISON, FORT, SWAYZE, BOGERT, VREDENBURGH, VROOM—7.