## BUCHANAN v. HARRINGTON.

(Filed April 3, 1906).

*Deeds—Estoppel—After-acquired Interest—Partition—Reformation and Correction—Pleadings—Amendments.*

1. Where a deed was sufficient in form to convey the grantor's whole interest, an one-fourth interest afterwards acquired by the grantor will, by way of estoppel or rebutter, enure to the use and benefit of the grantee and thereby vest the entire estate in him.

2. In a proceeding for partition of land, where the petitioner merely alleged the ownership of five-eighths, evidence tending to show a mutual mistake in the deed under which defendant claimed, was properly excluded.

3. If a party demands equitable relief, he must specially allege the facts upon which he seeks the aid of the court in the exercise of its equitable jurisdiction.

4. In a proceeding for partition, the petitioner might have alleged mutual mistake, by amendment in the Superior Court after the case had been transferred, though it was not originally cognizable by the clerk before whom the proceeding was commenced.

Special proceeding for partition by J. B. Buchanan and others against A. B. Harrington, heard by *Judge G. S. Ferguson* and a jury, at the December Term, 1905, of the Superior Court of MOORE.

The petitioners allege that they are tenants in common with the defendant of a tract of land containing 24 acres, they owning five-eighths thereof and the defendant the other three-eighths. The defendant admitted the tenancy in common, but denied the allegation as to the interest of the respective parties, alleging on the contrary that the petitioners owned one-half and he the other half. The land formerly belonged to W. B. Watson, and at his death descended to his four children, Virginia, Willie, Garner and Bessie Watson.

The first three for the consideration of $150 conveyed the land (not stating their interest therein) to the *feme* plaintiff on October 25, 1901, with full covenants of seizin and warranty. There is nothing in the deed to indicate that they did not have the entire estate in the land. On March 11, 1902, the plaintiffs conveyed a one-half interest in the land to the defendant, describing it as "containing 24 acres more or less, and adjoining the lands of L. Acree and others, the same being the lands of Virginia Watson, Willie Watson and Garner Watson, heirs of W. B. Watson, deceased, deeded to L. B. Buchanan on the 25th day of October, 1901." It appears further that on the 14th March, 1903, Bessie Watson, for the consideration of $37.50, conveyed her one-fourth interest in the land to the *feme* plaintiff. Issues as to the interests of the respective parties were submitted to the jury, who found for the defendant that he owned a one-half interest in the land. At the trial, the plaintiffs proposed to ask the witness, T. N. Campbell, "what land was the deed (to the defendant) intended to convey?" it being the purpose to show by the witness that it was intended to convey one-half of the interest which they alleged that they then had, that is, three-eighths and not one-half of the whole. The plaintiffs then proposed to prove by the witness that it was understood and agreed by the parties, at the time the deed was executed, that the petitioners were selling only one-half of three-fourths, and the defendant was buying one-half of three-fourths. All of this proposed evidence was excluded and the petitioners excepted.

The court charged the jury that if they believed the evidence they should answer the first issue, as to the *feme* petitioner's interest, one-half; and the second issue, as to the defendant's interest, one-half, which they did. Judgment was entered accordingly and the petitioners appealed.

*W. E. Murchison* for the petitioners.
*Seawell & McIver* and *W. J. Adams* for the defendant.

WALKER, J., after stating the case: The parties seem to have conceded that the proper construction of the deed from the petitioners to the defendant is in accordance with the defendant's contention, that it conveyed one-half of the entire interest in the land, and the words, "the same being the lands of Virginia, Willie and Garner Watson, deeded to L. B. Buchanan," are merely descriptive of the land and cannot have the effect to limit or cut down the interest which would otherwise pass by the deed, and this we think was a proper concession. Indeed, the very words we have quoted import that the entire interest in the land belonged to the three grantors named in the deed, rather than the contrary. If it be suggested that the *feme* petitioner did not, at the time she conveyed, own the entire estate, but only three-fourths, the answer is that the law will not permit this to change the construction of the deed as it is written. Matter *dehors* cannot, under the circumstances of this case, be considered for any such purpose. If the deed was sufficient in form to convey one-half of the whole interest, the one-fourth interest afterwards acquired by the *feme* plaintiff from Bessie Watson would, by way of estoppel or rebutter, enure to the use and benefit of the defendant and thereby vest one-half of the entire estate in him. *Taylor v. Shufford,* 11 N. C., at p. 127 (opinion of *Judge Henderson*) ; *Hallyburton v. Slagle,* 132 N. C., 947; *Carter v. White,* 134, N. C., 466; *Wool v. Fleetwood,* 136 N. C., 467.

The proposed testimony of the witness Campbell was properly ruled out. It was necessarily offered on the theory that the deed of the petitioners to the defendant passed one-half of the entire interest in the land, and that it was necessary to correct it in order that it should speak the truth or conform to the real agreement and intention of the parties. The evidence could have been relevant to the controversy upon no other ground. But the pleadings do not raise any issue to which it was pertinent. If the petitioners desired

to have the deed reformed, relying upon their right to the equity of correction, this matter should have been set up by proper averment and a corresponding issue submitted to the jury.   They cannot be heard upon such a matter under the general allegations of their pleading, they merely alleging the ownership of five-eighths.   If a party demands equitable relief, he must specially allege the facts upon which he seeks the aid of the court in the exercise of its equitable jurisdiction.  *Farmer v. Daniel,* 82 N. C., 152; *McLaurin v. Cronly,* 90 N. C., 50; *Bodenhamer v. Welch,* 89 N. C., 78; *Tuttle v. Harrill,* 85 N. C., 456.  If the petitioners had alleged the mutual mistake and prayed for a correction of the deed, so as to show that it passed only a three-eighths interest, the testimony offered by them might have been competent.  Such equitable matter might have been alleged by amendment in the Superior Court after the case had been transferred, though it was not originally cognizable by the clerk before whom the proceeding was commenced.  *Roseman v. Roseman,* 127 N. C., 497; *Ewbank v. Turner,* 134 N. C. 80, and cases cited.

In the present state of the pleadings the case was in all respects correctly tried.

No Error.