## S. F. HOLDEN v. M. F. HOUCK ET AL.

(Filed 16 October, 1918.)

1. **Trusts and Trustees—Mortgages—Deeds in Trust—Sales—Purchasers—
   Legal Title.**

   The legal title to lands held in trust for the payment of a debt is in the
   trustee, and a purchaser at the sale made in pursuance of the power con-
   tained in the deed and in accordance with its terms is entitled to the pos-
   session in an action brought to recover it.

2. **Same—Equity.**

   Where land is conveyed in trust to secure the payment of a debt, a
   purchaser at the sale thereof made in pursuance of the lawful power and
   terms therein expressed, acquires both the legal and equitable title, when
   the sale had been conducted with perfect fairness, every one had full
   opportunity to bid and buy, and there is no evidence of suppression or
   chilling of the bidding.

3. **Same—Injunction.**

   An injunction served at the sale upon the trustee in a deed of trust to
   secure the payment of a debt, in this case, after the bidding had closed,
   when it appears to the Court that the sale was perfectly fair and regular
   and in accordance with the lawful terms and conditions expressed in the
   deed, is improvidently issued; and while the trustee should have observed
   it, if served in time, the courts will not set aside the sale in an action by
   the purchaser for the possession of the land, the trustor, the defendant in
   the action, having no real equity to protect and no substantial defense
   to set up.

**4. Ejectment—Issues—Pleadings—Equity.**

> Where lands have been regularly sold under the terms of a deed in trust to secure borrowed money, and the purchaser, in his action to recover possession of lands, has shown his legal title, and the action has been tried without objection under the usual issue in ejectment, it is necessary for the defendant to plead any equity he may claim and tender proper issues thereon, and having failed to do so, the plaintiff is entitled to recover.

ACTION tried before *Stacy, J.,* and a jury, at February Term, 1918, of FRANKLIN.

Plaintiff brought this action to recover possession of the land described in the complaint. It appears that the land was owned at one time by Mrs. J. A. Turner, who, with her husband, sold and conveyed it to M. F. Houck, who with his wife are defendants.

Plaintiff at the trial introduced in evidence a deed of trust by M. F. Houck and wife, Geneva O. Houck, to Ben T. Holden, which was executed to secure a debt of $3,800 due to W. K. Phillips from M. F. Houck, who is the defendant. This deed contained the usual power of sale. As there was default in payment of the debt, the trustee, Ben T. Holden, sold the land, after due advertisement, and plaintiff became the purchaser, and at a price considerably in excess of the debt and cost and expense of the sale. The trustee thereupon conveyed the land to him on 10 January, 1916. This deed was put in evidence, and plaintiff rested.

Defendants, in their answer, allege that the trustee made the deed to plaintiff before he had received the purchase money; that the property is worth more than it brought at the sale, and that the trustee sold it in one lot, without dividing it into parts and selling each of them separately until the amount of the debt was realized, and they charge, upon these allegations, that the sale was in fraud of their rights, and consequently they have the right to redeem. It is also alleged that, in this action, a restraining order was issued against a sale of the land, and that the deed to the land was made by the trustee after service of the order.

The court submitted the usual issues in ejectment, and charged the jury that if they believed the evidence they should answer them in favor of the plaintiff, and this was accordingly done.

With reference to the collection of the purchase money by the trustee, and the payment of the surplus, after satisfying the secured debt, to the defendants or those entitled thereto, Mr. H. K. Baker, who represented his mother, one of the interested parties, testified: "I am a grandson of Mr. W. K. Phillips. He died 28 July, 1914. At the time of his death he held a note of Mr. M. F. Houck and wife in the sum of $3,800, secured by deed of trust on this property. Mr. Holden was lending money for my grandfather when he died. Mr. Holden would act as

trustee in making these loans. When my grandfather died the note had not been paid. The settlement of the estate was taken up by the executors after the death of my grandfather. The executors called upon Mr. Holden to collect this money. Mr. Holden advertised the land. He told me some time after the land was sold that he had not collected the money, but that it was secured and he could get it any time. I was not at all uneasy about the collection. Mr. Holden still attends to my mother's business, and at this time has some money out for her."

Mr. T. Y. Baker testified: "I am one of the executors of the Phillips' estate. I married his granddaughter. At the time of Mr. Phillips' death he held this note against the Houck's property, and we turned the note over to Mr. Holden and asked him to collect it. Mr. Holden has other matters in hand for us that have not been settled. He told me that this money was secured and he could get it any time. We were satisfied with that statement."

Judgment was entered on the verdict, and defendants appealed.

*B. T. Holden and W. H. Yarborough for plaintiff.*
*W. M. Person and S. A. Newell for defendants.*

WALKER, J., after stating the case: There was a motion to nonsuit in this case, which was properly overruled by *Judge Stacy*. Plaintiff had shown, when he rested, that he was the owner at least of the legal title, and this entitled him to the possession of the land, the debt secured by the deed of trust having long since matured. *Wittkowski v. Watkins,* 84 N. C., 456; *Bruner v. Threadgill,* 88 N. C., 361. The plaintiff, by the deed to him of the trustee, acquired the legal title, and stood in the latter's shoes. But we think he also acquired the equitable title. There was really no defense to the action and, as it turns out, the injunction was issued improvidently, as defendants had no equity in the land to protect, or that required protection by restraining the sale. The trustee proceeded regularly to sell the land under the power contained in the deed of trust, and in fact he acted at the request of the parties, or one of them. The sale was duly advertised, and the defendants had the benefit of the full thirty days to object to the sale and enjoin the same if they had any valid reason for doing so, but they postponed action until the very day on which the sale was made, and up to the very moment of the sale, before issuing the injunction. They were so very tardy in the matter that the injunction order was not served until after the sale proper was made, the land having been "knocked down" to the plaintiff before it arrived. There was quite a number of people, including real estate dealers, at the sale, and the biddings were spirited. There is no evidence of suppression or chilling of the biddings, but in

every respect, so far as appears, the sale was conducted with perfect fairness, and every one had full opportunity to bid and to buy. There is not the slightest suspicion of fraud or unfairness, and there does not appear to be any valid defense to this action.

If the plaintiff or those conducting the sale had notice of the injunction before it was completed, we see no reason for allowing it the effect of invalidating the sale, as there is not any equity or other right of the defendants to protect. The party owing the debt had defaulted in paying it, and this entitled the trustee to sell under the power, and it was his duty to do so in order to raise the money necessary for its payment. When an injunction which has been issued to prohibit a sale is disregarded and the sale nevertheless is made, the court doubtless would have the power to declare the sale inoperative if this course was necessary to preserve or protect any right of the party to the suit at whose instance it was issued, as held in *Greenwald v. Roberts,* 51 Tenn. (4 Heiskell), 494. There the Court said: "It is not said that Nathan Greenwald was under an injunction against selling and conveying the land at the time of his conveyance to complainant, and therefore that the conveyance was void. The injunction was intended for the protection and security of Bond, by preventing a conveyance of the land so as to endanger or defeat his claim. The pendency of the suit and the injunction which operated personally on Nathan Greenwald would have the legal effect of making any conveyance by him inoperative, so far as Bond's interest was concerned. But as between Nathan Greenwald and a purchaser from him, the conveyance would not be affected." But as there is no right or equity here to protect, the trustee had the power, and, as we have said, it was his duty, to sell the land under the trust to pay the debt which defendant M. F. Houck had failed to pay, and as the sale was fairly conducted without any suspicion of fraud or of undue advantage having been taken of defendant, and according to the terms of the deed of trust, it foreclosed the equity of redemption and passed the title to the purchaser, who is the plaintiff in this case, and defendants therefore have no further right to redeem.

If the injunction was issued even improvidently, it was, of course, the duty of the trustee to obey it and desist from selling the land, provided he had notice of it in time to do so, but it would be vain now to set aside the sale and the deed because of the injunction when no good would be accomplished thereby, as the defendants have no real equity to protect and no substantial defense to the action.

They consented to try the case on the issues submitted by the court, as they did not object to them, and made no request for issues based upon any equity or defense they may have supposed that they had. The issues which were submitted being those appropriate to an action of

ejectment, there was no question involved but the legal title of plaintiff and his right of possession, and therefore there was nothing to obstruct his recovery.

We may add that a few days after the sale—that is, on 11 January, 1916—the trustee addressed a note to the defendants Mr. and Mrs. Houck, in which he offered to submit a statement showing the surplus due to the trustor after paying the debt secured by the deed of trust and the expenses of the sale, but they seem not to have pressed the matter to a conclusion, but preferred to continue the litigation. The trustee and purchaser had a good reason for not making a settlement as, between them, it being the pendency of the suit in which the injunction issued. The defendants no doubt can get their money at any time by applying to the trustee, who has shown every disposition to act with perfect propriety and with due regard for the rights of those for whom he held in trust.

As we have said, there was no objection to the issues submitted by the court, and no issue tendered as to any equity of the defendants, if they had any. An equity must be pleaded and, of course, proper issues tendered thereon. It cannot be considered under the ordinary issues in ejectment. *McLaurin v. Cronly,* 90 N. C., 51; *Buchanan v. Harrington,* 141 N. C., 39. But there was really no equity.

The defendants were shown to be in possession of the land, and there was no request for instructions as to this matter. There is nothing, therefore, in this exception.

The learned judge ruled correctly upon the evidence and issues, and there is no cause for a reversal.

No error.