ROBERT G. EVANS, complainant,

*v.*

STANWOOD RUBBER COMPANY, defendant.

[Decided May 14th, 1923.]

1. A corporation had shortly before its insolvency overdrawn its bank account with a trust company and to secure the trust company executed and delivered a paper-writing purporting to transfer certain automobile tires as collateral security for the overdraft. The writing was acknowledged but not recorded. The tires remained in the possession of the company, and were taken possession of by its receiver and sold.—*Held*, that the instrument upon which the trust company relies is collateral security for a pre-existing debt, and in legal effect a chattel mortgage, and void as against the receiver of the company and the creditors whom he represents.

2. The paper is also void as a transfer of property because given at a time when the company was insolvent.

On appeal from the receiver's ruling.

*Mr. Foster M. Voorhees,* for the Union Trust Company.

*Mr. August C. Streitwolf,* for the receiver.

BACKES, V. C.

Shortly before the defendant company was declared insolvent it overdrew its account with the Union Trust Company, of Elizabeth, to the extent of $10,727.88. It was then hopelessly insolvent and unable to make restitution. To secure the trust company it executed and delivered to it the following paper writing:

"Know all men by these presents:

That, Stanwood Rubber Company, a Delaware corporation, for value received hereby sells, assigns, transfers and sets over unto (*sic*) all those automobile tires listed and described in schedule hereto attached.

This assignment is made as collateral security to a loan of $10,-727.88 this day made by (*sic*) October 27th, 1920, to the said Stanwood Rubber Corporation, it being understood and agreed that the Stanwood Rubber Corporation (*sic*) shall have the right to sell any or all of the said tires upon condition that it shall forthwith apply the proceeds of any tires so sold to the reduction of its obligation upon said note.

STANWOOD RUBBER COMPANY,<br>By Robert G. Evans, *President.*

Attest:
>    W. Gderare,
>         *Asst. Sec.*"

The writing was acknowledged but not recorded. The tires mentioned in the schedule remained in the possession of the insolvent company and the receiver took and sold them for $7,000. The receiver has refused to pay this sum over to the trust company and his ruling is before me for review.

The instrument upon which the trust company relies was given, as indicated on its face, as collateral security for a pre-existing debt and is, in legal effect, a chattel mortgage, and as it was not "accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged," it is void, under our Chattel Mortgage act (*1 Comp. Stat. p. 463*), as against the receiver and the creditors whom he represents. *Button Company* v. *Speilmann, 50 N. J. Eq. 120; Hastings* v. *Fithian, 71 N. J. Law 311.*

The paper writing as a transfer of property, whether it be regarded as a bill of sale or chattel mortgage, is also void under our Corporation act because it was given at a time when the Stanwood company was insolvent. Section 64 of the act (*2 Comp. Stat. p. 1638*), provides:

"Whenever any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, neither the directors nor any officer or agent of the corporation shall sell, convey, assign or transfer any of its estate, effects, choses in action, goods, chattels, rights or credits, lands or tenements; nor shall they or either of them make any such sale, conveyance, assignment or transfer in contemplation of insolvency, and every such sale, conveyance, assignment or transfer shall be utterly null and void as against creditors; *provided*, that a *bona fide* purchase for a valuable consideration, before the corporation shall have actually suspended its

ordinary business, by any person without notice of such insolvency or of the sale being made in contemplation of insolvency, shall not be invalidated or impeached."

The trust company does not come within the proviso of the act, because the document was given to secure a pre-existing debt. *Trust Company* v. *Trustees of William F. Fisher & Co., 67 N. J. Eq. 602; Agnew Company* v. *Paterson Board of Education, 83 N. J. Eq. 49;* affirmed, *Ibid. 336, 339,* and also because the trust company had notice of the insolvency. In the agreed state of facts it is stipulated that the Stanwood company was insolvent, but that this was not known to the trust company. It may be that the trust company had not actual notice of the insolvency, but it seems to me nothing can be plainer, from the fact that the Stanwood company's bank account was overdrawn and it could not make good, than that the trust company had constructive notice.

Inability to meet current obligations as they fall due through lack of cash or credit is insolvency.

The receiver's ruling is sustained.