This is an action to foreclose a mortgage made by the defendant company to the complainant. After the bill was filed a receiver was appointed for the defendant company in insolvency proceedings. The receiver was made a party to this suit and defends on the ground that the mortgage is void as against creditors under the provisions of section 64 of the Corporation act. 2 Comp. Stat. p. 1638. It is undisputed that the consideration for the mortgage in question was an antecedent debt. Antecedent debts do not constitute a valuable consideration within the meaning of this section of the Corporation act.Miller v. Gourley, 65 N.J. Eq. 237; Regina Music Box Co. v.Otto Son, 65 N.J. Eq. 582; Empire State Trust Co. v.Trustees, c., 67 N.J. Eq. 602; Agnew Co. v. Paterson Board ofEducation, 83 N.J. Eq. 59; Hoover Steel Ball Co. v. SchaferBall Bearing Co., 89 N.J. Eq. 436; Evans v. Stanwood RubberCo., 94 N.J. Eq. 630; Turp v. Dickinson, 100 N.J. Eq. 41;Unger v. Mayer, 105 N.J. Eq. 253.
The word "insolvent," as used in section 64 of the Corporation act, must be defined the same as "insolvent" as used in section 65; that is, a corporation is insolvent when there is a general inability to meet pecuniary liabilities as they mature by means of either available assets or an honest use of credit. HooverSteel Ball Co. v. Schafer Ball Bearings Co., supra; Skirm v.Eastern Rubber Manufacturing Co., 57 N.J. Eq. 179. At the final hearing the proof showed conclusively that the defendant corporation was insolvent at the time the mortgage was executed (January 3d 1929) and had suspended its ordinary business for want of funds; in fact, the company had practically suspended all business, except for the completion of certain municipal contracts, in November preceding the date of the mortgage, and at the time the mortgage was *Page 335 
made, the corporation owed upwards of $50,000 for materials and supplies delivered to it and had no available assets to pay these claims, all of which were past due. It did not seek any new business after November, 1928, because it did not have funds either to make bid deposits or finance the work and a customer's note of $8,000, endorsed by the defendant company, which was discounted at the complainant bank, was protested in November and remained unpaid until it was taken up by a new note secured by the present mortgage. It may be conceded for the purpose of this decision that the bank did not have actual notice of the insolvency of the defendant corporation. Such notice is not necessary under section 64 of the Corporation act except where a valuable consideration is given for the mortgage, but the circumstances of which the complainant did have knowledge were at least sufficient to excite suspicion, and the bank may, therefore, have been charged with notice. Horton v. Bamford,79 N.J. Eq. 356.
On behalf of the complainant it is urged that section 64 of the Corporation act has been modified by the Uniform Fraudulent Conveyance act (P.L. 1919 ch. 213 p. 500), because under that act a conveyance by an insolvent person is good against creditors provided there is a fair consideration for such conveyance and an antecedent debt constitutes such fair consideration, citing in support of this contention Morrisville Trust Co. v. Moore,21 Fed. Rep. (2d ed.) 716. It was there held that section 64 of the Corporation act was modified by the Fraudulent Conveyance act to the extent claimed. But this court is not bound by that decision. In construing state statutes it is the province of our courts to lead, not to follow, those of federal or other foreign jurisdictions. It is quite significant that the "Uniform Fraudulent Conveyance act" has been in force in this state during more than a decade, notwithstanding which the courts of this state during this period have uniformly held that a conveyance by an insolvent corporation for an antecedent debt is void as against creditors irrespective of notice of such insolvency.Evans v. Stanwood Rubber Co., 94 N.J. Eq. 630; *Page 336 Unger v. Mayer, 105 N.J. Eq. 253. It is not to be presumed that our courts were ignorant of the provisions of that act at the time those decisions were rendered. The act makes void all conveyances coming within its provisions on the ground that fraud is to be presumed from a given set of facts. Section 64 of the Corporation act, however, applies only to corporations and was enacted in pursuance of a state policy designed to protect persons dealing with a corporation whose liability was limited by that act. It renders "null and void as against creditors" all conveyances coming within the provisions of section 64 without reference to the question of fraud. It is within the power of the legislature to restrict the method, right and authority of a corporation to make conveyances of its property to the extent that those dealing with the corporation will be protected from possible loss. It was in pursuance of this state policy that the restrictive provisions of section 64 were enacted and no intendment of repeal of these salutary provisions should be implied except upon the plainest indication that such was the intention of the legislature and certainly not from an act which neither in its title nor in its body refers anywhere to corporations. The fact that the legislature omitted the word "corporation" from its definition of terms is, in view of its use of the word in definitive sections of other uniform acts, to my mind a strong indication that the legislature did not thereby intend to repeal any provisions of the Corporation act. It is not suggested that section 64 has been expressly repealed, but only that it has been modified by implication. But repealers by implication are not favored (Hotel Registry Realty Corp. v.Stafford, 70 N.J. Law 528; Hartley v. Board of Elections,93 N.J. Law 313; Commissioners v. Gardner, 104 N.J. Law 280), and a later statute will not be held to repeal a prior one by implication unless the later statute is clearly intended to prescribe the only rule which should govern the case provided for, and the repugnancy between the two statutes is reasonably plain. State v. Cortese, 104 N.J. Law 312. It does not seem to be that the repugnancy between the two statutes here involved is reasonably plain, nor that the legislature *Page 337 clearly intended the later statute to apply to corporations.
But aside from the question of the modification of the earlier statute by the later, the Morrisville Case is clearly distinguishable from the sub judice in that there "the trust company admittedly did not know of the insolvency of Black." Here, if the bank did not know of the mortgagor's insolvency, it had sufficient information respecting the debtor's financial condition to arouse suspicion and make inquiry by it incumbent. As a result of appropriate inquiry under the circumstances the insolvency of debtor would have been inevitably discovered.
I will advise a decree dismissing the bill of complaint.