T. H. SANSOM, JOE T. WARREN, AND N. M. JOHNSON v. CLIFFORD
WARREN.

(Filed 19 April, 1939.)

**1. Deeds § 10b—Person claiming as purchaser for value under Connor Act
must show that very deed under which he claims is supported by con-
sideration.**

While the cancellation of a preëxisting debt may be sufficient consid-
eration to constitute the grantee in a registered deed from the debtor a
purchaser for value within the protection of the Connor Act, so as to take
free from the claim of the grantee in a prior unregistered deed from the
debtor, where the debtor transfers the property without consideration to
a third person, who in turn transfers the property to the creditor without
any consideration moving from the creditor to such third person, the
creditor cannot maintain that the cancellation of the debt constitutes
him a purchaser for value so as to be protected under the Connor Act,
since his deed from the third person is not supported by any considera-
tion, and it is required that the creditor be a "purchaser for value from
the donor, bargainor, or lessor" in order to be protected. C. S., 3309.

**2. Same—Creditor taking title through third person may not claim that
debt was consideration for debtor's deed unless he establishes parol
trust.**

A debtor transferred title to the lands in question to a third person
without consideration, and the third person transferred the lands to the
creditor without consideration, but the creditor claimed that the deed
to the third person was for his benefit, and that the cancellation of the
debt was a sufficient consideration to constitute him a purchaser for value
within the protection of the Connor Act. *Held:* Mere privity of title and
the fact that the transactions were for his benefit are insufficient to estab-
lish consideration for the deed to the third person or from the third
person to the creditor, so as to constitute the creditor a purchaser for
value, it being required that the creditor establish a parol trust upon the
deed to the third person in order to take the transaction out of the opera-
tion of the Connor Act, C. S., 3309, and to make parol evidence thereof
competent as an exception to the parol evidence rule and the statute of
frauds sufficient basis must be laid in the complaint.

**3. Trusts § 15—Party having deeds executed absolute in form with full
knowledge of equities held estopped from setting up parol trust.**

A creditor who, with full knowledge of the facts, has the debtor execute
a deed absolute in form to a third person, and has such third person
execute a deed to him, is estopped from setting up a parol trust on the
deed to such third person on the ground that it was executed for his
benefit, especially when the creditor puts his legal title on record and
institutes suit thereon, since in such instance the creditor makes his elec-
tion to stand on his legal rights, and since the instruments were written
as intended. In this case the debtor transferred the lands to another by
unregistered deed supported by consideration prior to the execution of the

registered deed to the third person for the creditor's benefit: Whether a parol trust based upon instruments executed after the absolute conveyance of the unregistered deed may be set up, *quære*.

**4. Appeal and Error § 41—**

Where it is determined on appeal that defendant's motion to nonsuit should have been allowed, exceptions relating to the instructions on the issues submitted need not be considered.

APPEAL by defendant from *Grady, J.,* at October Term, 1938, of SAMPSON. Reversed.

The evidence, introduced under appropriate pleadings, was substantially as follows:

Stated in chronological order: Joe T. Warren conveyed the 12.4 tract of land in controversy to Clifford Warren by deed dated 19 September, 1934, which was registered 22 September, 1934, reciting a consideration of $475.00; Clifford Warren conveyed the land back to Joe T. Warren by deed dated 26 October, 1934, filed for registration the same day, reciting a consideration of $475.00. Joe T. Warren and wife executed to Clifford Warren a deed upon the same land dated 28 November, 1934, filed for registration 31 October, 1938, reciting a consideration of $475.00. Joe T. Warren and wife, Bertha Warren, conveyed the same land to T. H. Sansom by deed dated 12 August, 1936, and filed for registration the same day. Sansom and wife conveyed the land to N. M. Johnson by deed dated 3 January, 1938, which deed was filed and registered 27 July, 1938. It recites a consideration of $100.00 and other valuable considerations.

The tract of land which was the subject of these various conveyances had been allotted to Joe T. Warren as his homestead, and, upon the first deed made to Clifford Warren, N. M. Johnson having been advised that the homestead right had fallen in, brought an action against Clifford Warren to subject the lands to the lien of the judgment against J. T. Warren, which had been transferred to Johnson. Thereupon, following some negotiations between Clifford Warren and Joe T. Warren, Clifford Warren reconveyed the lands to Joe T. Warren, and Johnson abandoned his suit. This was followed by another conveyance of Joe T. Warren to Clifford Warren, this being the conveyance of 28 November, 1934.

The plaintiff N. M. Johnson testified that Joe T. Warren had sent for him and offered to convey to him the lands in controversy in settlement for an old account of $817.00 and a judgment that had been assigned to Johnson; that his lawyer advised him that it would be better to have the deed made to Sansom; that Sansom did not know anything about the making of the deed until a long time thereafter, and did not pay Warren anything for the deed; that although the deed made by

Sansom and wife to this plaintiff recited $100.00 and other valuable considerations, plaintiff paid nothing for it. Johnson did not take the deed in satisfaction of any indebtedness of Sansom, as Sansom was not indebted to the plaintiff. Johnson further testified that he had brought the suit against Clifford Warren after the latter received his deed from Joe T. Warren, because he had been advised that he could not collect it out of Joe T. Warren so long as it was held as a homestead; that he knew a deed from Joe T. Warren to Sansom would subject the lands to his judgment just as quickly and effectively as a deed from Joe T. Warren to Clifford Warren.

Plaintiff further testified that when Sansom got the deed, plaintiff was advised to get up an agreed statement of facts between him and Sansom and take the thing up to the Supreme Court and "see what they would do for me." "I got Mr. F. T. Dupree, of Angier, for my opposing counsel. Mr. Williams, I believe, represented me. I believe I am right. I know Mr. Dupree was Mr. Sansom's attorney and I reckon Mr. Williams was mine. I guess I will pay both lawyers for the charges, whatever they are."

Plaintiff further testified that Warren owed him about $1,000 principal and interest on the assigned judgment, and an account of $817.92; that he had not canceled the judgment or account, but was to do so when the matter was cleared up.

The plaintiff Sansom testified (as a witness for defendant), that while the deed of Joe T. Warren and Bertha Warren to him recites a consideration of $100.00, he did not pay anything; that neither Joe T. Warren nor Bertha Warren were indebted to him in any amount; that on 9 January, 1939, he (Sansom) and his wife executed a deed for the land to N. M. Johnson, reciting a consideration of $100.00; that Johnson did not pay them any sum whatever, and at the time neither Sansom nor his wife were indebted to Johnson.

As a further source of title, the defendant put in evidence a deed from Carlyle Jackson, sheriff of Sampson County, to Clifford Warren, dated 15 January, 1937, and filed for registration on that day, reciting the levy of execution and the advertisement of sale of the lands in controversy at an execution sale upon a judgment rendered in the recorder's court of Dunn, on 1 April, 1920, for $292.06 and interest, and in support thereof the judgment roll in the action.

On cross-examination, over objection of defendant, the plaintiff Sansom testified: "The land was deeded to me to be held for Mr. Johnson, and, when we got the title straightened out, I was to deed it to Mr. Johnson."

It was admitted that the deed of J. T. Warren to the defendant Clifford Warren was made for a valuable consideration.

At the conclusion of plaintiff's evidence, and again at the conclusion of all the evidence, the defendant moved for judgment as of nonsuit, which was overruled, and defendant excepted.

Upon the issues submitted to the jury, which upon instruction by the court were answered in favor of the plaintiff, judgment was rendered declaring the plaintiff to be the owner and entitled to possession of the lands, and ordering the defendant's muniments of title to be canceled upon the record. From this judgment the defendant appealed.

*I. R. Williams and W. H. Fisher for plaintiffs, appellees.*
*Butler & Butler for defendant, appellant.*

SEAWELL, J. The plaintiff N. M. Johnson has evidenced a chain of paper title from the common source sufficient, nothing else appearing, to establish his right to be declared the owner of the lands in controversy. So has the defendant. However, although defendant has a priority in point of time of conveyance, the plaintiff's deeds were recorded first. But for our Registration Act, C. S., 3309, known as the Connor Act by virtue of the 1885 Amendment, the defendant, having the first conveyance, would have the superior title. This familiar statute reads in part: "No conveyance of land, or contract to convey, or lease of land for more than three years shall be valid to pass any property, as against creditors or purchasers for a valuable consideration, from the donor, bargainor or lessor, but from the registration thereof within the county where the land lies."

Although there are other features to which we will refer, the case hinges upon the question whether N. M. Johnson is a purchaser for a valuable consideration within the purview of this statute. Upon the record before us we are compelled to hold that he is not.

The valuable consideration urged by the plaintiff as sufficient to give him the status of a purchaser for value within the meaning of the statute is the release of a preëxisting debt owing to him by J. T. Warren, from whom he indirectly derived title. While contrary inferences might be drawn from the evidence as to the actuality of that consideration, which seems to have been contingently postponed, we may pass to phases of the controversy more pertinent to the decision. The chief difficulty with the plaintiff Johnson is his inability to unscramble the transactions by which he sought to acquire title and assemble the grantor, the valuable consideration, and himself as purchaser, in the same conveyance.

In this State, under an analogous statute—C. S., 311—(*King v. McRackan,* 168 N. C., 621, 624, 84 S. E., 1027), a mortgagee who takes a conveyance of lands in security for a preëxisting debt is held to be a

purchaser for value—*Weil v. Herring,* 207 N. C., 6, 175 S. E., 836; *Cowan v. Dale,* 189 N. C., 684, 128 S. E., 155; *Bank v. Cox,* 171 N. C., 76, 87 S. E., 967, 969; *Fowle v. McLean,* 168 N. C., 537, 84 S. E., 852—and, *a fortiori,* where the property itself is taken by an absolute conveyance in consideration of the cancellation of such preëxisting debt, the grantee in the conveyance might be considered a purchaser for value. *Perry & Sons v. Mand,* 80 A. L. R., 932; *Empire State Trust Co. v. Wm. F. Fisher & Co.,* 67 N. J. E., 602, 60 Atl., 940, 941; *Lee Tire & Rubber Co. v. Gay,* 164 Wash., 569, 4 P. (2d), 492, 495. But it does not appear that there is any such consideration to support the deed made by J. T. Warren to Sansom, as Warren owed Sansom nothing; and the same is true with regard to the deed and the transaction between Sansom and N. M. Johnson. It is not contended there was any other consideration of value, and the evidence is conclusive that there was not.

The valuable consideration which would bring the subsequent purchaser within the protection of the statute against a prior purchaser under an unrecorded deed is a consideration moving between the parties to the deed, including as parties the beneficiaries, or *cestui que trustent* in a deed of trust. He must be "a purchaser for a valuable consideration from the donor, bargainor, or lessor." Consideration is an incident confined to the deed which it supports; and in this respect each deed in the series presented to us for inspection must stand on its own bottom.

Plaintiff's method of acquiring title has been unfortunate. The interposition of a third person as an unlabeled conduit for the title broke the continuity of the transaction between plaintiff and Warren. In order to establish his status as a purchaser for value under the statute by virtue of the suggested consideration, it is necessary for the plaintiff to connect himself with the Warren-Sansom deed as party or as beneficiary in the sense above defined. Mere privity of title is not sufficient. Since this deed is absolute on its face and the plaintiff is an apparent stranger to it, nothing will avail him which does not impress upon the deed the character of a trust. A mere parol explanation that the deed, or the series of transactions in which it is involved, was intended for his benefit is not sufficient while the legal aspect of the conveyance is unchanged, and such evidence offends against the rule excluding parol evidence to contradict, vary, or add to the terms of a written instrument; *Kindler v. Trust Co.,* 204 N. C., 198, 187 S. E., 845; *Miller v. Farmers Federation, Inc.,* 192 N. C., 144, 134 S. E., 407; *Wilson v. Sandifer,* 76 N. C., 347; especially since the contract is within the statute of frauds; *Byrd v. Power Co.,* 205 N. C., 589, 172 S. E., 183; *Walters v. Walters,* 172 N. C., 328, 90 S. E., 304; *Ward v. Gay,* 137 N. C., 397, 49 S. E., 884. Certainly parol evidence would be admissible to establish a parol trust, but if the facts of this case could be consid-

ered as coming within any category leading to such a result, plaintiff has laid no foundation for it in his pleading—has merely made a casual gesture toward it in the evidence. *Buchanan v. Harrington,* 141 N. C., 39, 53 S. E., 478; *Moore v. Moore,* 151 N. C., 555, 66 S. E., 598; *Fisher v. Owens,* 132 N. C., 686, 44 S. E., 369.

We think, however, that under the evidence in this case plaintiff N. M. Johnson was estopped from asserting any such equity if it existed. He deliberately chose to have the title to the property made to a third person, by deed absolute on its face, and inconsistent with any trust relation between himself and Sansom, and without the knowledge of Sansom. This was a deliberate transaction, carried out on the advice of counsel, and was intended to avoid legal complications affecting the title, should it be taken in his own name, and, we may assume, designed to cut off all opposing rights and equities. With an intimate knowledge of any equitable right that he might have asserted, the plaintiff put his legal title on record and brought suit upon it. Besides, the evidence is clear that the instrument was written as intended. He must abide by his choice.

An interesting question is raised as to whether the establishment of a parol trust upon a transaction taking place after the acquisition of the title for a valuable consideration by the defendant would avail the plaintiff anything where he is relying solely upon a priority created by the statute, and the defendant has put his legal title on record before any proceeding was begun in which the trust could be established. The Connor Act—C. S., 3309—is held not to apply to a parol trust but only to written instruments capable of registration. *Spence v. Pottery Co.,* 185 N. C., 218, 220, 117 S. E., 32; *Sills v. Ford,* 171 N. C., 733, 88 S. E., 636; *Pritchard v. Williams,* 175 N. C., 319, 97 S. E., 570; *Eaton v. Doub,* 190 N. C., 14, 21, 128 S. E., 494; *Wood v. Tinsley,* 138 N. C., 507, 51 S. E., 59. It is not necessary to decide the matter here, but the opinion of the Court, *per Stacy, J.,* in *Spence v. Pottery Co., supra,* contains a complete exposition of the law on this subject, and a study of this opinion will obviate a more detailed search of the other authorities cited.

Since this case is decided on defendant's motion for judgment as of nonsuit, it becomes unnecessary to consider the instructions given to the jury or the issues submitted to them. Defendant's motion for nonsuit should have been allowed and the final judgment of the court, including the orders therein with respect to defendant's muniments of title, becomes void and inoperative.

The judgment overruling the nonsuit is

Reversed.