CHARLES S. RILEY ET AL. v. T. J. CARTER ET AL.

(Filed 3 April, 1912.)

1. Wills — Foreign Probate — Registration—Title—Evidence—Practice.

It is necessary to the registration of a copy of a will in North Carolina, which has been probated in another State, that the copy or exemplification of such will be duly certified and authenticated by the clerk of the court in which it had been proved or allowed (Revisal, sec, 3133), and if it has been allowed to be registered here under the certificate and seal of the register of deeds in another State it is ineffectual as evidence in a claimant's chain of title.

2. Same—Act of Congress—Copies.

In a controversy concerning lands the plaintiff claimed title under a will which had been probated in another State under a certificate of the register of deeds there executed under his own seal, without certificate from the clerk of the court there, and admitted not to conform to the act of Congress relating to such registration: *Held,* the probate was ineffectual, for copies of letters testamentary or administration, for certain purposes, must be "properly certified" (Revisal, secs. 1618, 1619), either

according to the act of Congress or by the proper officer of the State or territory from whence they come, our statute requiring such certificate to be from the clerk of the court. Revisal, sec. 3133.

APPEAL from *Cooke, J.,* at September Term, 1912, of PENDER.

This is an action brought by Charles S. Riley & Co. to recover of the defendants the timber described in the complaint, and for a restraining order restraining the defendants, Carter & Pratt, from cutting the timber pending the action.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*John D. Bellamy, Bland & Bland, and Herbert McClammy, for the plaintiff.*
*E. K. Bryan and R. G. Grady for the defendant.*

BROWN, J. The question involved in this controversy is the legal title to the timber on a certain tract of land in Pender County, known as the Raynor land, conveyed by S. W. Raynor *et al.* to the Peregoy-Jenkins Company.

The plaintiffs deraign their title through a number of mesne conveyances which it is unnecessary to set out; among others, the will of C. Morton Stewart, dated November, 1899, admitted to probate in the city of Baltimore, Maryland, and registered in the registry of wills for Baltimore County on 21 August, 1900.

This writing testamentary appears to be an essential link in the plaintiffs' chain of title. When the same was offered in evidence, the defendant objected, and it was admitted by the court, and this forms the second assignment of error. The ground of objection is that the record of the said will is not properly proven, or exemplified, as required by law. The paper-writing appears to have been offered for probate in the Orphans' Court of Baltimore County, and the court adjudged that the same be admitted to probate as the true and genuine will of C. Morton Stewart. This decree is signed by the three judges of the said court. A copy of the will was offered for probate in the Superior Court of Pender County before the clerk thereof upon the following certificate only, to wit:

In testimony that the aforegoing is a true copy taken from Wills Liber, H. R. No. 12, folio 32, one of the books in the office of Register of Wills for Baltimore County, I hereunto subscribe my name and affix the seal of my office, this 29th day of July, A. D. 1905.         Test:      HARRISON RIDER,

(Seal.)         *Register of Wills for Baltimore County.*

We are of opinion that the certificate upon which the will was admitted to probate in this State was insufficient, and that his Honor should have excluded it as muniment of title.

It is admitted that the record of the will has not been certified in accordance with the act of Congress (U. S. Rev. Stat., sec. 905), because there is no "certificate of the judge, Chief Justice, nor presiding magistrate, that the said attestation is in due form." 2 Pell's Rev., 129.

Nevertheless, it is claimed that the will is properly authenticated under the statutes of North Carolina which authorize its admission to probate without the certificate of the judge, Chief Justice, or presiding magistrate of the court in which the will was probated in Maryland, and in support of this we are cited to sections 1618 and 1619, Revisal of 1905.

It will be observed that those sections simply authorize the introduction of copies of letters testamentary or of administration for certain purposes, but only upon "being properly certified" either according to the act of Congress or by the proper officer of the State or territory from whence they come.

Section 3133 is the statute which we think is applicable to this case. That section reads as follows:

"Whenever any will, made by a citizen or subject of any other State or country, is duly proved and allowed in such State or country according to the laws thereof, a copy or exemplification of such will duly certified and authenticated by the clerk of the court in which such will has been proved and allowed, if within the United States, etc., etc., when produced or exhibited before the clerk of the Superior Court of any country wherein any property of the testator may be, shall be allowed filed and recorded in the same manner as if the original, and not the copy, had been produced, proved, and allowed before such clerk."

The act of Congress requires that these records shall be proved by the attestation of the clerk of the court, and the seal of the court annexed, with the additional certificate of the judge, Chief Justice, or presiding magistrate of the court. The only change that our statute makes is to no longer require the certificate of the judge of the court, but it requires specifically that the record of the will shall be certified and authenticated by the clerk of the court in which such will shall originally have been proved and allowed.

This Court has held in several cases that "Records of other States, to be used in evidence in this State, must have the attestation of the clerk of the court whose record is offered, and the seal of the court, if it have one. If there be no seal, this must appear in the certificate of the clerk, and the judge, Chief Justice, or presiding magistrate of such court must certify that the record is properly attested. *Kinseley v. Rumbough,* 96 N. C., 193; *Hunter v. Kelly,* 92 N. C., 285.

Under section 3133 of the Revisal, the certificate of the presiding judge, so far as the record of wills goes, seems to be no longer necessary; but the statute is peremptory in requiring that the copy or exemplification of such will be duly certified and authenticated by the clerk of the court in which such will has been proved and allowed, if within the United States.

There is nothing in this record tending to prove that Harrison Rider, the Register of Wills for Baltimore County, was the official clerk of the Orphans' Court in which the said will was offered for probate. It is true that he appears to have an official seal, but so has our register of deeds, and it is well known that he has no authority to take the probate of a deed, and has no connection with the Superior Court.

It may be that on another trial a proper exemplification of this will may be procured and probated, or that Harrison Rider, the register of wills, may be shown to be the official clerk of the Orphans' Court of Baltimore County.

New trial.