NANNIE HODGES PAUL v. MINNIE HODGES DAVENPORT, DELLA HODGES CHESSON, CHRISTINE HODGES, EDWARD BLOUNT HODGES, ADEN MURLEN HODGES AND JOHN SWAIN.

(Filed 28 February, 1940.)

**1. Wills § 1—**

A will, to be sufficient in law to convey any estate, real or personal, must have been written in the testator's lifetime and signed by him, or by some other person in his presence and by his discretion, and subscribed in his presence by two witnesses at least. C. S., 4131.

**2. Same—**

The right to dispose of property by will is not a natural right, but is one conferred and regulated by statute, and an instrument is effectual as a testamentary disposition of real or personal property only if executed and probated according to law.

**3. Wills § 7—**

It is not required that testator subscribe the will, it being sufficient if his name appears in his handwriting in the body of the will.

**4. Wills § 8—**

Witnesses to a will must write their name at the end of the instrument after it is written and after it is acknowledged by the testator. C. S., 4131.

**5. Wills § 1—**

A codicil must be executed with the same formality as a will, and the requirements of the statute must be strictly observed.

**6. Wills § 16—Requirements in probate of wills.**

In probating a will, the clerk is required to take in writing the proof and examinations of the witnesses touching the execution of the will and to embody the substance of such proof and examination in his certificate of probate which must be recorded with the will, C. S., 4143, and no will is effectual to pass title to real estate until duly probated in the proper county and recorded in the office of the Superior Court clerk of the county in which the land is situate, C. S., 4163.

**7. Wills §§ 7, 8—Writing held not a part of duly executed will and not effectual as a codicil thereto.**

The instrument in question was written in longhand but not in the handwriting of testatrix. Testatrix subscribed her name at the end of the writing on the second page and immediately followed the attestation of the subscribing witnesses in proper form. The third page, also in handwriting other than that of testatrix, referred to changed conditions since the execution of the will and directed a different disposition of certain of the property, but the third page was not signed by testatrix nor subscribed to by witnesses, but the certificate of probate appeared thereon. *Held:* The third page cannot be considered a part of the will, since it was written subsequent to the execution of the will, nor is it valid as a codicil, since it was not signed by testatrix nor subscribed to by witnesses, and is further ineffectual as a conveyance of real estate since it was not probated.

APPEAL by plaintiff and defendants from *Carr, J.,* at October Term, 1939, of WASHINGTON.

Civil action in ejectment and to remove cloud from title.

Martha F. Hodges, through whom both the plaintiff and the defendants claim title to the land in controversy, died testate. The will is written in longhand on foolscap paper consuming the first two pages. It is in a handwriting other than that of the testatrix. At the end the due attestation and execution thereof appears as follows:

"IN WITNESS, I the said Martha F. Hodges have hereunto set my hand and seal this 20th day of April, 1898.

MARTHA F. HODGES    (SEAL).

"Signed, sealed, published and declared by the said Martha F. Hodges to be her last will and testament in the presence of us, who at her request and in her presence do subscribe our names as witnesses thereto.

W. R. CHESSON
L. H. CHESSON."

There appears on the margin the following:

"Certificate & order in reference to this will recorded in Book of Wills #C, pp. 79 &c.                    C. V. W. AUSBON,
*Clerk Superior Court.*"

On the third page of the foolscap paper beginning at the top thereof there appears in a handwriting other than that of the testatrix the following:

"WHEREAS, I Martha F. Hodges having made my last will and testament in writing, bearing date on the 20th day of April, 1898, and thereby made sundry devises and bequeaths according to then existing circumstances of my estate, but which circumstances having been materially changed, I do by this, my writing which I hereby declare to be a codicil to my said will, to be taken and construed as part thereof will and direct that in case my daughter Susan L. Blount shall die without an heir, then and in such case my son W. A. Hodges shall be the sole owner absolutely and in fee, of all the land bequeathed her as described in my will."

Then appears on the same page the certificate or probate in the following language:

"NORTH CAROLINA—WASHINGTON COUNTY.

"I, C. V. W. Ausbon, do hereby certify that the due execution of the foregoing will of Martha F. Hodges, was this day proven by the oath and examination of W. R. Chesson and L. H. Chesson, the subscribing witnesses, and admitted to probate.

"This 16th day of April, 1907.

"Witness my hand and official seal, this 16th April, 1907.

C. V. W. AUSBON."

Susan L. Blount died leaving no child or grandchildren surviving her. She left a last will and testament in which she devised the *locus in quo* to the defendants other than John Swain, who is in possession merely as tenant.

Plaintiff claims title under the alleged codicil as the only surviving child of W. A. Hodges.

The parties having waived trial by jury and having agreed that the court should hear the evidence, find the facts and render judgment thereon, the court, after finding the facts, adjudged that the plaintiff is not and the defendants are the owners and entitled to the possession of the property in controversy. The plaintiff excepted and appealed.

The court, during the progress of the hearing having admitted certain parol testimony and evidence of a supplemental probate of the original will made by the clerk 25 November, 1938, entered its order striking such evidence from the record. The defendants excepted and appealed.

*W. Blount Rodman, III, and Z. V. Norman for plaintiff, appellant.*
*W. L. Whitley and S. S. Woodley for defendants, appellants.*

BARNHILL, J.   If the alleged codicil is valid as such and conveys a defeasible fee to Susan L. Blount then the plaintiff, daughter of W. A. Hodges, is the person to whom title to said land reverts.   If the paper writing relied on by plaintiff as a codicil is void and of no effect then the defendants are the owners of the premises.

A will, to be sufficient in law to convey any estate, real or personal, must have been written in the testator's lifetime and signed by him, or by some other person in his presence and by his direction, and subscribed in his presence by two witnesses at least.   C. S., 4131.

The right to dispose of property by will is not a natural right.   It is conferred and regulated by statute.   *Pullen v. Comrs.,* 66 N. C., 361; *Peace v. Edwards,* 170 N. C., 64, 86 S. E., 807.   It is not effectual as a muniment of title unless executed as required by law and probated in accord with the terms of the statute.

It is not required that the testator subscribe the will.   If his name appears in his handwriting in the body of the will this is a sufficient signing within the meaning of the statute.   *Hall v. Misenheimer,* 137 N. C., 183; *Richards v. Lumber Co.,* 158 N. C., 54, 73 S. E., 485; *Burriss v. Starr,* 165 N. C., 657, 81 S. E., 929; *Peace v. Edwards, supra.*

But the statute expressly requires that the will shall be subscribed in the presence of the testator by two witnesses at least.   C. S., 4131.   And there can be no will until it is written and acknowledged by the testator. Therefore, there can be no witnessing until this is done, and where the statute requires an instrument to be subscribed by witnesses, the names of the witnesses must appear at the end of the instrument.   *Richards v. Lumber Co., supra; Peace v. Edwards, supra; In re Fuller,* 189 N. C., 509, 127 S. E., 549.

A codicil must be executed with the same formality as a will and the requirements of the statute must be strictly observed.   *Spencer v. Spencer,* 163 N. C., 83, 79 S. E., 291; Mordecai's Law Lectures, Vol. 2, p. 1135.

In probating a will the clerk is required to take, in writing, the proof and examinations of the witnesses touching the execution of the will and to embody the substance of such proof and examination in his certificate of the probate thereof, which certificate must be recorded with the will, C. S., 4143.   And no will is effectual to pass title to real estate unless it shall have been duly proved and allowed in the probate court of the proper county and is recorded in the office of the Superior Court clerk of the county wherein the land is situate.   C. S., 4163.   *Osborne v. Leak,* 89 N. C., 433.

It is apparent on the face of the record that the probate of the clerk related to the will of Martha F. Hodges which had been signed by her and witnesses as required by statute.   It further appears from the word-

ing thereof that the alleged codicil was written subsequent to the execution of the will. It expressly refers to a will theretofore made and to material changes in circumstances since arising, and is likewise referred to as a codicil. It cannot be considered as a part and parcel of the original will.

There is no evidence that Mary F. Hodges signed the same or that it has been subscribed by two witnesses to her signature. Nor is it made to appear that it is in the handwriting of the testatrix, or that it was found among her valuable papers and effects or was lodged in the hands of some person for safekeeping. Furthermore, there has been no probate thereof, without which, in any event, it is not effectual as a conveyance of real estate. See *Riley v. Carter*, 158 N. C., 484, 74 S. E., 463; C. S., 4163.

On plaintiff's appeal, the judgment below is
Affirmed.

### DEFENDANTS' APPEAL.

In view of the disposition made of plaintiff's appeal the question presented on the appeal of the defendants becomes immaterial. However, on the question as to whether the clerk had the right to amend his original probate reference may be had to *Boggan v. Somers*, 152 N. C., 390, 67 S. E., 965.

Defendants' appeal
Dismissed.