SAMUEL G. JONES, SR., v. NINA WILLIAMS WARREN AND HUSBAND, WILLIAM WARREN.

(Filed 14 June 1968.)

**1. Ejectment § 7—**

A complaint alleging that plaintiff owns the described land in fee, that he is presently entitled to its possession, and that defendant who is in possession wrongfully withheld from the plaintiff to his specified damage, states a cause of action in ejectment.

**2. Pleadings § 38—**

A motion for judgment on the pleadings is in the nature of a demurrer, allowable against the plaintiff only when the complaint as modified by the reply fails to allege facts sufficient to state a cause of action or admits facts which constitute a complete legal bar thereto.

**3. Same—**

When a party moves for judgment on the pleadings, he admits for the purpose of the motion (1) the truth of all well pleaded facts in the pleadings of his adversary, together with all fair inferences to be drawn from such facts, and (2) the untruth of his own allegations insofar as they are controverted by the pleadings of his adversary, and where the pleadings raise an issue of fact on any single material proposition, the motion is properly denied.

**4. Wills § 9—**

G.S. 31-19, which provides that record and probate of a will is conclusive evidence of its validity until it is vacated or declared void by a competent tribunal, is restricted to a decree of probate regular on its face and does not apply where the face of the decree affirmatively shows that the will was not probated as required by mandatory applicable statutes for the probate of wills. G.S. 31-39.

**5. Wills § 10—**

The phrase, "Nina Warren hear life estate if desired," which appears, without the signatures of attesting witnesses thereto, on the same paper writing probated as a will in common form of the testatrix but beneath the signatures of the attesting witnesses to the will, must necessarily be probated as a holographic codicil, since the clerk has jurisdiction to probate a will or codicil only in accordance with the applicable statute, and until its probate in solemn form in a manner required by law, the codicil is not a muniment of title and conveys no estate to the devisee named therein.

**6. Wills § 27—**

Where a later will or a codicil to an earlier will is probated after the probate of the earlier will, beneficiaries or devisees under the codicil or second will have no rights or remedies against one who, in good faith, for a valuable consideration and without actual of constructive notice of the later will or codicil, has purchased property from a beneficiary under the earlier will.

**7. Same; Wills § 29—**

The recorded but unprobated words, "Nina Warren hear life estate if desired," which appear on the same paper writing with the testatrix's handwritten and probated will devising a life estate to one of her daughters with remainder in fee to her son, the unprobated words appearing below the probated will and referring to another of testatrix's daughters,

*are held* to constitute notice, thereby putting a purchaser from the re-mainderman on inquiry, that the words were susceptible of probate as the codicil of the testatrix devising a life estate in the homeplace to the other daughter; consequently, the purchaser does not acquire title as an innocent purchaser for value.

**8. Wills § 60—**
There is a rebuttable presumption that a devisee or legatee has accepted a beneficial devise or bequest.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from Bundy, J., May 1967 Session of HYDE, docketed and argued at the Fall Term 1967 as Case No. 30.

Action for the recovery of land and damages for its wrongful detention. Plaintiff appeals from an adverse judgment on the pleadings.

The allegations in the complaint are summarized as follows: On 23 May 1956, subject to the life estate of Addie Williams (Addie), plaintiff became the owner in fee simple of a certain described house and lot in Ocracoke Township, Hyde County. Addie died on 18 December 1962. At that time her sister, defendant Nina Williams Warren (Nina), was in possession of the property. She continues in possession and despite plaintiff's repeated demands, refuses to surrender the property. Plaintiff is entitled to recover $8,990.00, the rental value of the property from 18 December 1962.

The answer of defendants (Nina and her husband), in short version, alleges: The land in suit was formerly owned by Alice Wahab Williams, who died on 26 November 1953, leaving the following "holographic will":

"Ocracoke, N. C.          Sept. 15, 1946
"STATE OF NORTH CAROLINA HYDE Co.

"I ALICE WILLIAMS being of sound mind at my death give my son Pinta Williams my home and all land and money safe I give my daughter Addie Williams her life estate if desired. I give my two daughters Addie Williams and Nina Warren al house hold furniture. if any money left it will be labeled in my sons and daughters names Addie Williams Nina Warren Dallas Williams Jasper Williams Pinta Wiliiams. I name my son Pinta Williams executor of my last will and ask that he may not be bonded
                              Signed    Alice Williams
W. B. Jefferson-Witness
Charles R. Mason
Ansley O'Neal
    Nina Warren hear life estate if desired."

The will, filed for probate 16 December 1953 by the executor

named therein, was proveᵈ ₙ the oath of W. B. Jefferson and Charles R. Mason, two oᵣ ᵤbscribing witnesses. The testimony of each, except when quoted, is summarized as follows: "[H]e is a subscribing witness to the paper writing now shown him, purporting to be the last will and testament of Alice Williams; that the said Alice Williams in the presence of this deponent, subscribed her name *at the end of said paper writing,* which is now shown as aforesaid, and which bears date of the 15th day of September, 1946." At the time Alice Williams signed the paper writing she declared it to be her last will. She was then "of sound mind and memory, of full age to execute a will, and was not under any restraint, to the knowledge, information or belief of this deponent." At her request and in her presence, he did "subscribe his name *at the end of said will* as an attesting witness thereto." (Italics ours.)

Upon this proof, the Clerk of the Superior Court adjudged the paper writing and every part thereof to be the last will and testament of Alice Williams and ordered its probate. Under the terms of the will, testatrix devised a life estate in her homeplace to both Addie Williams and Nina "if they so elected," with remainder in fee to their brother, Pinta. Nina, "together with her said sister, made a formal election to claim the said life estate" and, from the death of their mother, they have been rightfully in possession under her will. Plaintiff has acquired the vested remainder devised to Pinta.

From the death of Addie until the institution of this action, plaintiff's only demand for possession was made on 1 December 1964. In bar of his right to recover rents, defendants also pled the provisions of the three-year statute of limitations, G.S. 1-52(3).

Plaintiff's reply to the answer is abridged as follows: The will of Alice Williams devised her homeplace to Addie for life with remainder in fee to Pinta. By his will, probated 14 January 1954, Pinta devised this land to his wife, Wilma. She, by deed dated 23 May 1956, conveyed the land in fee simple to plaintiff for a valuable consideration. (The deed, which recites a consideration of "$10.00 and other good and valuable considerations," contains no covenants of warranty.)

Thereafter, at the May 1957 Term of the Superior Court of Hyde County, the line appearing beneath the signatures of the witnesses to the will of Alice Williams, "Nina Warren hear life estate if desired," was probated in solemn form as a codicil to said will. It is under this codicil that Nina claims a life estate. Her claim is invalid because (1) the codicil is void for indefiniteness; (2) it was not probated within two years next after the death of Alice Williams, and plaintiff acquired the land as an innocent purchaser for value.

Plaintiff denied that either Alice or Nina had made a formal election to claim a life estate in the property.

When the case came on for trial, "after the reading of the pleadings, the defendants demurred *ore tenus* on the ground that the complaint, when taken with the reply to the answer, disclosed that no cause of action was stated." Judge Bundy, "being of the opinion that the demurrer *ore tenus* should be allowed," entered judgment dismissing the action. Plaintiff appealed.

The parties stipulated that "the case on appeal" should consist of the complaint, answer, reply, certified copy of the will of Alice Williams and its probate in common form, certified copy of the will of Pinta Williams and its probate in common form, deed of Wilma A. Williams to Samuel G. Jones, and the summons.

*George T. Davis and Wheatly & Bennett for plaintiff appellant.*
*James R. Vosburgh and John A. Wilkinson for defendant appellees.*

SHARP, J. The complaint contains the usual and essential allegations in an action of ejectment: that plaintiff owns the described land in fee; that he is presently entitled to its possession; and that defendant who is in possession wrongfully withheld from plaintiff to his specified damage. 1 McIntosh, N. C. Practice and Procedure § 1065 (2d Ed. 1956). Defendants concede that it states a cause of action in ejectment. Had defendants' motion been a demurrer to the complaint it must necessarily have been overruled. G.S. 1-127; McIntosh, *supra* § 1194. It was not, however, a demurrer; it was, in fact, a mislabeled motion for judgment on the pleadings. The judgment and appeal entries clearly disclose that the court and the parties so treated it, and that the will of Alice Williams and its probate, the will of Pinta Williams and its probate, and the deed from Wilma Williams to plaintiff were considered as exhibits incorporated by reference in the answer and reply. Appellant's brief is written "on the assumption" that this Court will deem "the defendants' action to be 'motion for judgment on the pleadings.' " We so treat it.

"The motion for such judgment is in the nature of a demurrer, allowable against the plaintiff only when the complaint as modified by the reply fails to allege facts sufficient to state a cause of action or admits facts which constitute a complete legal bar thereto." *Van Every v. Van Every*, 265 N.C. 506, 510, 144 S.E. 2d 603, 606. See also *Ferrell v. Worthington*, 226 N.C. 609, 39 S.E. 2d 812; *Coleman v. Whisnant*, 225 N.C. 494, 35 S.E. 2d 647. "When a party moves

for judgment on the pleadings, he admits for the purposes of the motion (1) the truth of all well pleaded facts in the pleadings of his adversary, together with all fair inferences to be drawn from such facts, and (2) the untruth of his own allegations insofar as they are controverted by the pleadings of his adversary. The law does not authorize the entry of a judgment on the pleadings in any case where the pleadings raise an issue of fact on any single material proposition." *Shaw v. Eaves,* 262 N.C. 656, 660, 138 S.E. 2d 520, 524. *Accord, Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384. See 3 Strong, N. C. Index, Pleadings § 30 (1960 & Supp.).

The answer denies that plaintiff owns and is entitled to the possession of the land described in the complaint. Defendants allege: The land in suit was formerly the homeplace of Alice Williams. In her will — a copy of which is attached to the answer — she devised the property to her two daughters, Addie and Nina for life "if they so elected," with remainder to her son, Pinta. Addie and Nina elected to claim the life estate and have possessed the property since their mother's death. Plaintiff has acquired the vested remainder devised to Pinta. The reply admits the will of Alice Williams and its probate in common form as alleged in the answer and makes these additional disclosures: Pinta, by his will, which was probated on 14 January 1954, devised the land to his wife, Wilma. For a valuable consideration, by deed dated 23 May 1956 and recorded 29 May 1956, Wilma conveyed the property to plaintiff. Thereafter, in May 1957, the following "codicil" to the will of Alice Williams was probated in solemn form: "Nina Warren hear life estate if desired." Plaintiff alleges that, as "an innocent purchaser for value," he acquired the land subject only to the life estate of Addie, who is now dead. Thus, in the reply, plaintiff sets out the muniments of title upon which he bases his conclusion, alleged in the complaint, that he is entitled to the immediate possession of the land.

The pleadings establish that plaintiff and Nina claim the land from a common source, the will of Alice Williams, and that plaintiff owns the fee. The question is whether he took it subject to a life estate in Nina. By dismissing plaintiff's action the trial court held that the pleadings, which incorporated the record evidence, disclosed as a matter of law that he did.

The answer alleges that the will of Alice Williams was holographic. This allegation is not admitted by the reply, and the record shows that the will was probated in common form as an attested will upon the oath of two of the three attesting witnesses required by G.S. 31-18.1 — not as a holographic in the manner required by

G.S. 31-18.2. The signatures of the three attesting witnesses appear beneath that of the testatrix. Each of the two who proved the will swore that Alice Williams "subscribed her name at the end of the paper writing" and that the witness "did subscribe his name at the end of the will." Thus, the affidavits upon which probate in common form was had established that the phrase under which Nina claims was not on the paper writing at the time the witnesses affixed their signatures. At the May 1957 Term of the Superior Court of Hyde, the phrase, "Nina Warren hear life estate if desired," which appears beneath the signature of the witness, was probated in solemn form as a codicil to the will. The absence of signatures *beneath* the phrase discloses that it was necessarily probated as a holographic codicil.

Defendants argue, however, (1) that the clerk probated the entire paper writing in common form; (2) that even if the probate was erroneous, it was conclusive evidence of the validity of the codicil until set aside by direct attack; and (3) even if it was not probated, the record of the codicil was notice to plaintiff of Nina's title which prevented him from acquiring title as an innocent purchaser for value.

G.S. 31-19 provides that record and probate of a will is conclusive evidence of its validity until it is vacated or declared void by a competent tribunal. Under this statute, a will probated and recorded in accordance with the applicable statute may not be collaterally attacked and constitutes a muniment of title. *In re Will of Puett,* 229 N.C. 8, 47 S.E. 2d 488. However, as pointed out by Parker, J. (now C.J.), in *Morris v. Morris,* 245 N.C. 30, 35, 95 S.E. 2d 110, 114, "[T]his statute [G.S. 31-19] is restricted to a decree of probate regular on its face, and does not apply where on the face of the decree of probate it affirmatively shows that the will was not probated as required by mandatory applicable statutes for the probate of wills. . . ." G.S. 31-39 provides, "No will shall be effectual to pass real or personal estate unless it shall have been duly proved and allowed in the probate court of the proper county. . . ." In *Morris v. Morris, supra,* an action under the Declaratory Judgment Act for construction of a will, the probate revealed that a holograph had been probated upon the testimony of only two witnesses. This Court declined to construe an unprobated will because "the probate shows on its face that the paper writing . . . has never been validly proven and probated as a holographic will, and is therefore ineffective to pass real or personal property. G.S. 31-39." *Id.* at 33, 95 S.E. 2d at 112. *Accord, Paul v. Davenport,* 217 N.C. 154, 7 S.E. 2d 352; *Cartwright v. Jones,* 215 N.C. 108, 1 S.E. 2d 359; *Leatherwood v. Boyd,* 60 N.C. 123; 57 Am. Jur. *Wills* § 942 (1948). It is

"[t]he probate of a will in the manner provided by law" which is "conclusive in evidence of the validity of the will until it is vacated on appeal or held void by a competent tribunal." *Crowell v. Bradsher,* 203 N.C. 492, 493, 166 S.E. 331, 332; *Edwards v. White,* 180 N.C. 55, 103 S.E. 901. In other words, the clerk has jurisdiction to probate a will only in accordance with the applicable statute. Thus, prior to its probate in solemn form after plaintiff acquired the land, the codicil was not a "muniment of title." Before its probate, it conveyed no life estate to Nina. *Hargrave v. Gardner,* 264 N.C. 117, 141 S.E. 2d 36; *Paul v. Davenport, supra.*

Defendants' first two contentions therefore cannot be sustained. We next consider their third. The motion for judgment on the pleadings admits plaintiff's allegation that he purchased the land for value. It does not, however, establish his conclusion that he was an *innocent purchaser* — that is, one without knowledge of the codicil under which Nina claims — if his pleadings disclose notice as a matter of law. In legal effect this codicil is analogous to a second will, probated after a first one has been duly probated.

When a later will is probated after the probate of an earlier will, beneficiaries under the second will have no rights or remedies against one who, in good faith, for a valuable consideration, and without notice of the later will, has purchased property from a beneficiary under the earlier will. Devisees and legatees under a later will, however, can follow property into the hands of beneficiaries under the earlier will or persons who purchased from them "with knowledge of the existence of a later will and of its contents." 57 Am. Jur. *Wills* § 968 (1948); *Gaines v. DeLa Croix,* 6 Wall. 719, 18 L. Ed. 965; Annot., Probate of wills or proceedings subsequent thereto as affecting right to probate later codicil or will, and rights and remedies of parties thereunder. 107 A.L.R. 249, 260 (1937). This rule is just another application of the principle that the setting aside of a duly probated will does not affect the title of a purchaser for value from a devisee if the purchaser had no knowledge or intimation that the will would be attacked. *Whitehurst v. Hinton,* 209 N.C. 392, 403, 184 S.E. 66, 72; *Whitehurst v. Abbott,* 225 N.C. 1, 33 S.E. 2d 129, 159 A.L.R. 380; *Mills v. Mills,* 195 N.C. 595, 143 S.E. 130; *Newbern v. Leigh,* 184 N.C. 166, 113 S.E. 674, 26 A.L.R. 266; Annot., Revocation of probate of will as affecting title of purchaser from beneficiaries under will, 26 A.L.R. 270 (1923). An innocent purchaser takes title free of equities of which he had no actual or constructive notice. *Morehead v. Harris,* 262 N.C. 330, 137 S.E. 2d 174.

The decisive question here is: Did the unprobated but recorded words, "Nina hear life estate," which appeared on the same paper

writing and below the will, constitute notice to plaintiff that those words might be probated as a codicil to the will, which constituted the first link in his chain of title? If the facts disclosed in an instrument appearing in a purchaser's chain of title would naturally lead an honest and a prudent person to make inquiry concerning the rights of others, these facts constitute notice of everything which such inquiry, pursued in good faith and with reasonable diligence, would have disclosed. *Randle v. Grady,* 228 N.C. 159, 44 S.E. 2d 735; *German-American Bank v. Martin,* 277 Ill. 629, 649, 115 N.E. 721, 729.

The answer alleges that Alice Williams "left a holographic will," but the reply does not admit this. We therefore do not know whether the will was handwritten, or if it was, whether the codicil is in the same handwriting. Notwithstanding, an examination of the original paper writing of which it was a part, together with reasonable inquiry and investigation, would surely have disclosed that the codicil was in the handwriting of testatrix and therefore susceptive of probate.

Despite the economy of words and the erroneous spelling, the meaning of the codicil is clear. Testatrix, who had devised a life estate to her single daughter, decided thereafter that she wanted her married daughter, Nina, to have a life estate in her homeplace also if she so desired. If Nina survived Addie and did not desire the life estate, Pinta's fee would vest at Addie's death. The will called for no affirmative act by Nina to indicate her acceptance of the life estate, and there is a rebuttable presumption that a devisee or legatee has accepted a beneficial devise or bequest. *Perkins v. Isley,* 224 N.C. 793, 798, 32 S.E. 2d 588, 590-91; 57 Am. Jur. *Wills* § 1569 (1948); 96 C.J.S. *Wills* § 1148 (1957). Annot., What constitutes or establishes beneficiary's acceptance or renunciation of devise or bequest, 93 A.L.R. 2d 8 (1964). Plaintiff alleges that Nina has been in possession of the property since the death of Addie. Investigation by plaintiff on 23 May 1956 would doubtlessly have disclosed — if indeed plaintiff did not know — that Nina claimed a life estate. Had she been in possession with Addie (as the answer alleges), her possession of the devised property would, in itself, have been evidence of acceptance. *Hearne v. Kevan,* 37 N.C. 34; 57 Am. Jur. *Wills* § 1570 (1948); Annot., 93 A.L.R. 2d 8, 39.

We hold that the facts disclosed by the record were sufficient to put plaintiff on inquiry, and that a proper inquiry would have disclosed that the words which purported to give Nina a life estate were susceptible of probate as a valid codicil to the will of Alice

Williams. Plaintiff was therefore charged with notice of it; thus, he was not an innocent purchaser at the time he acquired the property.

The judgment of the court below is

Affirmed.

HUSKINS, J., had no part in the decision or consideration of this case.