NORTH CAROLINA STATE HIGHWAY COMMISSION v. LOTHAR WORT-
MAN AND WIFE, ANITA M. WORTMAN

No. 6818SC341

(Filed 28 May 1969)

**1. Registration § 3— notice — facts disclosed in instrument — duty to make inquiry**

If the facts disclosed in an instrument appearing in a purchaser's chain of title would naturally lead an honest and prudent person to make inquiry concerning the rights of others, these facts constitute notice of everything which such inquiry, pursued in good faith and with reasonable diligence, would have disclosed.

**2. Boundaries § 5; Deeds § 11; Registration § 1— map or plat referred to in a deed**

A map or plat referred to in a deed becomes a part of the deed and need not be registered.

**3. Eminent Domain § 7; Highways § 5; Registration § 3— notice of highway rights-of-way by reference in deed — duty of inquiry**

In this action to condemn a right of way over defendants' land for converting an existing two-lane highway into a divided dual-lane highway, the trial court properly determined that defendants were bound by right-of-way agreements acquired by the Highway Commission from defendants' predecessors in title which covered not only the existing lane of the highway but also the proposed lane, notwithstanding the right-of-way agreements were never recorded but remained on file in the office of the Highway Commission in Raleigh, where the defendants acquired title to the property by a deed which in express terms was made subject to the highway right-of-way and which referred to a plat showing a "proposed lane" across defendants' land, defendants being charged with notice of the right-of-way agreements since ordinary prudence should have prompted them to ascertain the exact extent of the right-of-way claimed by the Highway Commission.

**4. Eminent Domain § 2— right of access to highway**

While an abutting landowner has a right of access to an existing highway, the manner in which that right may be exercised is not unlimited; to protect others who may be using the highway, the sovereign may restrict the right of entrance to reasonable and proper points, and if the abutting owner is afforded reasonable access, he is not entitled to compensation merely because of circuity of travel to reach a particular destination.

**5. Eminent Domain § 2— reasonable access to highway — service road**

Defendants have reasonable access to and from the main highway and are not entitled to compensation for loss of direct access to a highway which was changed into a controlled access dual-lane highway where they have access to both the northbound and southbound lanes of travel by means of a newly constructed service road crossing their property, defendants not being entitled to compensation merely because of the slight additional time required to reach the highway by use of the service road.

APPEAL by defendants from *Bowman, J.,* 24 June 1968 Session of GUILFORD Superior Court.

This is a condemnation proceeding instituted 18 April 1961 to condemn a right-of-way over defendants' property for Project No. 8.15364, the improvement of U. S. Highway No. 29 in Guilford County, N. C. By this project U. S. Highway No. 29 in Guilford County was converted from a two-lane highway, with one lane for northbound and one lane for southbound traffic, to a controlled access divided dual-lane highway, with two lanes for northbound and two lanes for southbound traffic. The paved portion of U. S. Highway No. 29 as it existed before construction of this project became the two southbound lanes and the two northbound lanes were entirely new construction. Defendants' property lies on the east and abuts the center line of the paved portion of what has now become the two southbound lanes. Defendants acquired their property and built a motel thereon after the original construction and pavement of U. S. Highway No. 29 as a two-lane highway but before commencement of Project No. 8.15364. The parties are in disagreement as to: (1) The extent of the right-of-way across defendants' land already owned by the plaintiff State Highway Commission prior to commencement of this proceeding; and (2) whether defendants are entitled to any compensation for loss of access to their property. To resolve these questions and for the purposes of a preliminary hearing pursuant to G.S. 136-108 before the judge without a jury, the parties stipulated facts as follows:

The defendants were grantees in a certain deed dated and recorded 24 February 1956 in the office of the Register of Deeds for Guilford County. This deed contained a description of a tract of land by metes and bounds. The west boundary line as contained in this description expressly called for and ran with the center line of the then existing pavement on U. S. Highway No. 29. Following the specific description, this deed contained the following language:

"The metes and bounds description hereinabove set forth was taken from that plat of survey prepared by Southern Mapping and Engineering Company entitled 'Property of J. H. Weston, Guilford County, North Carolina,' dated June 23, 1955.

"This conveyance is made subject to the taxes for the year 1956 and the right of way for U. S. Highway No. 29."

The parties stipulated that, subject specifically to such right-of-way to the North Carolina State Highway Commission as shall have been excepted and reserved in said deed, defendants were on the date

of institution of this action the owners of the land described in said deed and were also the owners of an adjoining tract of land.

During 1948 and 1949, as Project No. 53-54, plaintiff Highway Commission constructed ten and one-fourth miles of U. S. Highway No. 29 and assumed maintenance of it on 16 January 1950. The parties attached to their stipulation as exhibits reproductions of Sheet Nos. 1, 9 and 10 of the Plan Sheet for State Highway Project No. 53-54, Guilford County, as the same appear in the permanent records of the North Carolina State Highway Commission in Raleigh. The center line for said Highway Project No. 53-54 as shown on said plans lies 27 feet to the east of and runs parallel with the center line of what has now become the southbound lanes of State Highway Project No. 8.15364. The said southbound lanes of State Highway Project No. 8.15364 consists of that portion of the pavement which was previously constructed pursuant to State Highway Project No. 53-54. The parties also attached to their stipulation as exhibits three instruments purporting to be "Right-of-Way Agreements." These instruments were executed in 1947 and 1948 by defendants' predecessors in title. These instruments have never been recorded in the office of the Register of Deeds of Guilford County, but the same have been kept in the public records of the North Carolina State Highway Commission in Raleigh from the dates of execution until the date of institution of the present condemnation proceedings. These instruments show a right-of-way 125 feet wide on the right and 125 feet wide on the left of the survey center line.

The parties also attached to their stipulation as an exhibit a copy of the plat which was entitled "Property of J. H. Weston, Guilford County, North Carolina," dated 23 June 1955, referred to in the deed to the defendants. This map shows a plat of the property, with the lot lines having the same metes and bounds as contained in the deed to defendants. It also shows the location of the then existing paved lane of U. S. Highway No. 29, showing the center line of that lane coinciding with the western boundary line of defendants' property. This map also shows in broken lines a "proposed lane," the center line of which is indicated to be parallel to and 27 feet east of the center line of the existing lane and shows a broken line across the property running parallel to and 152 feet east of the center line of the existing lane.

The parties further stipulated that prior to construction of State Highway Project No. 8.15364 there was no limitation or control of access to or exit from the defendants' property to U. S. Highway No. 29 for traffic going either north or south. After construction of Project

No. 8.15364, defendants can exit and enter their property via a newly constructed closure or service road which crosses their property. On leaving their property they can enter the main northbound lanes of U. S. Highway No. 29 by going north on such service road a total distance of approximately 560 feet, and can enter the main southbound lanes of U. S. Highway No. 29 by traveling south on the closure road to a crossover bridge, turning up a ramp and crossing the bridge, and then turning left onto a ramp leading directly to the southbound lanes, a distance of approximately 3,000 feet. For traffic traveling in the southbound lanes of U. S. Highway No. 29 to gain ingress into defendants' property, it must travel south to a ramp leading off to the right and up to the level of the crossover bridge, cross the bridge, turn left into the closure road and then travel along the same in a northerly direction to defendants' property. The distance from a point in the southbound lanes opposite their property to and across the bridge and back to their property is approximately 4,500 feet. Ingress to defendants' property for traffic traveling the northbound lanes of U. S. Highway No. 29 can be obtained by turning directly from such northbound lanes into the service road, then traveling back south along the same until they reach defendants' property, the distance from a point in the northbound lanes opposite their property to the entrance of the closure road and back to their property being approximately 675 feet.

When the matter came on for hearing, the court entered an order making findings of fact in conformity with the foregoing stipulations and in addition, upon the oral stipulation of counsel given in open court, found as a fact that on 16 February 1956 the defendants entered into a contract with J. H. Weston and wife by which the latter agreed to sell and defendants agreed to purchase the land as subsequently described in the deed to defendants; that said contract of sale contained a metes and bounds description of the property which is identical to the description in said deed; and that following this metes and bounds description the contract contained the following reference: "The metes and bounds description hereinabove set forth was taken from that plat of survey prepared by Southern Mapping and Engineering Company entitled 'Property of J. H. Weston, Guilford County, North Carolina,' dated June 23, 1955;" that said contract of sale also contained the following wording: "Sellers shall convey to purchasers a good, marketable and indefeasible fee simple title to the above described property free and clear of all liens and encumbrances of every type and kind except as to that portion of said property which is located within the right of way of U. S. Highway No. 29 . . ."

Upon these findings of fact the court adjudged and decreed: (1) That the lands of the defendants were owned by them at the commencement of this action subject to an easement of the North Carolina State Highway Commission for right-of-way extending 152 feet to the east of and running parallel to the center line of the then existing pavement of U. S. Highway No. 29, which is now the southbound lane of U. S. Highway No. 29; and (2) that the control of access and designation of traffic lanes for northbound and for southbound traffic on U. S. Highway No. 29 and for local traffic by way of service road connections to U. S. Highway No. 29 by way of designated points of access amounts to an exercise of the police power by the North Carolina State Highway Commission and was done in furtherance of the public health, safety and welfare; that the defendants, after the date of taking, have full, unlimited and uncontrolled access to a service road which affords direct access by local traffic lanes to points designated for access to through traffic, and the defendants therefore have reasonable access from their property to U. S. Highway No. 29 and from U. S. Highway No. 29 to their property; that any impairment in the value of the defendants' remaining lands which might result from an alteration in the manner of ingress and egress from their property to U. S. Highway No. 29 is *damnum absque injuria,* and shall not be considered in the trial of this action upon the issue of damages.

To the signing and entry of this order, defendants excepted and appealed.

*Attorney General Thomas Wade Bruton, Deputy Attorney General Harrison Lewis, Trial Attorney J. Bruce Morton, and Associate Counsel Eugene G. Shaw, Jr., for plaintiff appellee.*

*Morgan, Byerly, Post & Keziah, by J. V. Morgan, for defendant appellant.*

PARKER, J.

[3]     Defendants assign as error the trial court's adjudication that at the time of commencement of the present condemnation proceeding defendants' property was already subject to an easement of the North Carolina State Highway Commission for a right-of-way extending to a line located 152 feet to the east of and running parallel with the center line of the pavement of U. S. Highway No. 29 as it existed prior to construction of the new project. The stipulations of the parties and the maps and right-of-way agreements attached as exhibits thereto clearly establish that the survey center line of the

previous Highway Project No. 53-54 was 27 feet to the east of and ran parallel with the center line of the pavement on U. S. Highway No. 29 as previously constructed. The western boundary line of defendants' property coincides with this pavement center line. The stipulations and exhibits also establish that the Highway Commission acquired from defendants' predecessors in title written right-of-way agreements specifying a right-of-way 125 feet on each side of said survey center line. Under these agreements, therefore, the Highway Commission acquired a right-of-way across the property which was subsequently purchased by defendants, the center line of which was 27 feet east of and ran parallel with the western boundary line of such property and which right-of-way extended an additional 125 feet to the east of said center line. Thus, the previously acquired right-of-way covered a strip extending a total distance of 152 feet into the property subsequently purchased by defendants. Defendants contend, however, that such a claim of right-of-way was not valid as against them for the reason that the right-of-way agreements were never recorded in the office of the Register of Deeds of Guilford County but remained on file in the office of the Highway Commission in Raleigh. Because of this failure to record, defendants assert that the only right-of-way to which the plaintiff Commission had any lawful right as against them prior to the commencement of the present condemnation proceeding was a right-of-way for so much of their lands as was actually covered by the pavement of U. S. Highway No. 29 as it existed on the date defendants acquired their title.

G.S. 47-27 contains the following: "No deed, agreement for right-of-way, or easement of any character shall be valid as against any creditor or purchaser for a valuable consideration but from the registration thereof within the county where the land affected thereby lies." This statute was amended by Section 1 of Chapter 1244 of the 1959 Session Laws, by adding a new paragraph as follows: "From and after July 1, 1959 the provisions of this section shall apply to require the State Highway Commission to record as herein provided any deeds of easement, or any other agreements granting or conveying an interest in land which are executed on or after July 1, 1959, in the same manner and to the same extent that individuals, firms or corporations are required to record such easements." Defendants contend that by the 1959 amendment the Legislature merely made explicit that which was already implicit in the statute and that prior to the 1959 amendment G.S. 47-27 already applied to the Highway Commission in the same manner as it did to all other persons. The same question was raised by the parties in the case of *Highway Com-*

*mission v. Nuckles,* 271 N.C. 1, 155 S.E. 2d 772, which involved the same highway project with which we are here concerned, but the Supreme Court found it unnecessary to decide the question in that case. Similarly, we do not find it necessary to pass upon it in the present case.

**[1-3]** Defendants acquired title to their property by a deed which in express terms was made subject to the right-of-way for U. S. Highway No. 29. This deed constituted the first link in their chain of title. Ordinary prudence should have prompted them to ascertain the exact extent of the right-of-way being then claimed by the Highway Commission. "If the facts disclosed in an instrument appearing in a purchaser's chain of title would naturally lead an honest and prudent person to make inquiry concerning the rights of others, these facts constituted notice of everything which such inquiry, pursued in good faith and with reasonable diligence, would have disclosed." *Jones v. Warren,* 274 N.C. 166, 173, 161 S.E. 2d 467, 472. Inquiry of the Highway Commission would have disclosed the written right-of-way agreements which it had obtained from defendants' predecessors in title. These in turn would have clearly disclosed that the Highway Commission held instruments granting them an easement for highway purposes extending into the property being acquired by the defendants for a distance of 152 feet east of the center line of the pavement of U. S. Highway No. 29 as it then existed. Furthermore, the deed to defendants expressly referred to a specifically designated plat. "A map or plat referred to in a deed becomes a part of the deed and need not be registered." *Kaperonis v. Highway Commission,* 260 N.C. 587, 133 S.E. 2d 464. Reference to this plat, a copy of which was attached as Exhibit #4 to the stipulations entered into by the parties, shows a line drawn across defendants' lot, which line is shown to be exactly 152 feet east of and parallel with the center line of the pavement of U. S. Highway No. 29. While there is no wording on the plat to designate specifically what this line represents, it is significant that it is drawn not only across the lot of the defendants but is extended north and south thereof, which would indicate that it relates to the highway rather than solely to the lot of the defendants. It is also significant that this line is shown on the plat in the exact location of the right-of-way which had previously been acquired by the Highway Commission by the written right-of-way agreements. Thus, by exercising ordinary diligence in examining those things of which they were put on notice by the express language of their own deed, defendants would have known at the time they acquired title the exact extent of the right-of-way then being asserted by the Highway Commission. We find no error in the trial

court's conclusion that the lands of the defendants were owned by them at the commencement of the present condemnation proceeding subject to an easement of the North Carolina State Highway Commission for right-of-way extending 152 feet to the east of and running parallel to the center line of the then existing pavement of U. S. Highway No. 29, which is now the southbound lane of said highway.

[4]   Defendants also assign as error the trial court's conclusion that they have been provided reasonable access from their property to and from U. S. Highway No. 29 by way of the newly constructed service road and that therefore they are not entitled to be compensated for any loss of access to or from their property caused by construction of the new project. Decisions of our Supreme Court have established that while the abutting owner has a right of access to an existing highway, the manner in which that right may be exercised is not unlimited; to protect others who may be using the highway, the sovereign may restrict the right of entrance to reasonable and proper points; and if the abutting owner is afforded reasonable access, he is not entitled to compensation merely because of circuity of travel to reach a particular destination. *Highway Commission v. Nuckles, supra; Highway Commission v. Farmers Market,* 263 N.C. 622, 139 S.E. 2d 904; *Moses v. Highway Commission,* 261 N.C. 316, 134 S.E. 2d 664. The identical problem was presented to this Court in *Highway Commission v. Rankin,* 2 N.C. App. 452, 163 S.E. 2d 302. As pointed out by Mallard, C.J., in that case, the main question involved concerns the reasonableness of the substitute access provided.

[5]   In the present case we agree with the trial court's conclusion that the service road constructed across defendants' property, by means of which persons using their property can exit north on U. S. Highway No. 29 by traveling approximately 560 feet and can exit south by traveling approximately 3,000 feet, and by means of which a traveler on the northbound lane of said highway can gain access to defendants' property by traveling only approximately 675 additional feet and a traveler from the southbound lane can gain access to defendants' property by traveling only approximately 4,500 additional feet, is reasonable access. These additional distances, when converted into the time required to traverse them when moving at presently customary and lawful rates of speed, amount to little more than minutes. The small inconvenience of the slight additional time required, is far more than offset by the additional safety provided the very persons entering or leaving defendants' own property. Provision of access by service roads requiring greater distances of travel were held reasonable in *Moses v. Highway Coommission,*

*supra,* and *Highway Commission v. Rankin, supra,* and we find these provisions reasonable in the present case.

The order appealed from is

Affirmed.

BROCK and BRITT, JJ., concur.