SWAIN COUNTY, A MUNICIPAL CORPORATION v. HATTIE SHEPPARD, FORMERLY HATTIE NATIONS, AND HUSBAND, D. C. SHEPPARD; AND STERLING C. NATIONS AND WIFE, WANDA NATIONS

No. 7730SC308

(Filed 21 February 1978)

**Social Security and Public Welfare— Old Age Assistance lien—judgment not collected—lien voided**

    Plaintiff's Old Age Assistance lien against defendant's property which had been reduced to judgment but had not been enforced against the property was voided by Session Laws 1975, Chapter 48, which abolished all Old Age Assistance liens which had not actually been collected prior to the effective date of the Act.

APPEAL by defendants from *Ferrell, Judge.* Order entered 8 February 1977 in Superior Court, SWAIN County. Heard in the Court of Appeals 3 February 1978.

From October, 1957, to November, 1966, defendant Hattie Nations Sheppard received Old Age Assistance payments totaling $4,497.00 from plaintiff acting through its Department of Public Welfare. G.S. 108-30.1—changed to G.S. 108-29 in 1969 and repealed in 1973—provided for the creation of a general lien in favor of the county upon the real property of a recipient of such aid to the extent of the total amount of assistance paid.

Pursuant to this statute, plaintiff instituted action on 30 October 1967 to foreclose its lien on certain real property owned by defendant Hattie Nations Sheppard. No answer was filed and on 8 January 1968, judgment by default was entered against defendants directing that the realty be sold.

On 2 December 1969, an auction was held and the property was sold to the highest bidder for $6,000.00.

On 8 December 1969, prior to consummation of the auction sale, defendants moved to set aside the sale as null and void on the grounds that defendant Hattie Sheppard was then occupying the subject realty as her homesite and thus, pursuant to 108-34 (now repealed), a lien could not be enforced against this property.

The trial court entered an order temporarily enjoining the sale of the realty on 8 December 1969.

On 31 January 1977, defendants moved to dismiss the proceedings to enforce the lien based on two recent legislative enactments which abolished the Old Age Assistance lien. The trial court denied the motion and entered an order on 8 February 1977 dissolving the injunction and ordering the sale to proceed. Defendants appeal from this order.

*McKeever, Edwards, Davis & Hays, by George P. Davis, Jr., for the plaintiff.*

*Jenkins, Lucas, Babb, and Rabil, by Jonathan V. Maxwell, for the defendants.*

MARTIN, Judge.

In Session Laws 1973, Chapter 204, the General Assembly repealed G.S. 108-29 through G.S. 108-37.1, thereby abolishing the Old Age Assistance lien. The repeal included the following provision:

"This act shall not apply to any claims and liens created pursuant to G.S. 108-29 prior to the effective date of this act, and such claims and liens shall be entitled to full and complete enforcement as by law heretofore provided."

This latter provision of the repealing act was amended by Session Laws 1975, Chapter 48, effective 13 March 1975, which provided:

"All claims and liens created pursuant to G.S. 108-29 prior to the effective date of this act are hereby declared null and void, *excepting those liens which have actually been collected* by the county attorney prior to the effective date of this act." (Emphasis added.)

In denying defendants' motion to dismiss the foreclosure proceedings, the trial court concluded that the above emphasized language of the 1975 act "did not have the effect of voiding the judgment of [that] Court entered prior to the date of repeal by the Legislature."

The only question posed by this appeal is whether plaintiff's Old Age Assistance lien, having been reduced to judgment, was voided by the 1975 act abolishing all such liens which *have not actually been collected* prior to the effective date of the act.

Defendants strenuously argue that the provisions of the 1975 act clearly rendered null and void all Old Age Assistance liens not actually collected prior to 13 March 1975; and that plaintiff's lien, though reduced to judgment, was not collected prior to this date as the county had recovered no money in satisfaction thereof. We must agree with the defendants.

The language used by the Legislature to delineate the subject exception is clear and unambiguous whether standing alone or viewed in conjunction with other relevant statutory provisions. Thus, we must give the language its plain and definite meaning and cannot superimpose provisions or limitations not contained therein. *State v. Williams*, 291 N.C. 442, 230 S.E. 2d 515 (1976); *Fogle v. Board of Education*, 29 N.C. App. 423, 224 S.E. 2d 677 (1976). In this connection, we note that it is beyond dispute that having a judgment in one's possession and *actually collecting* on that judgment, in point of legal significance, are two entirely different notions. Accordingly, we must conclude that by abolishing

all liens except those actually collected, the Legislature intended to render null and void *all rights*, existing in favor of the county as a result of the payment of Old Age Assistance funds, upon which no monies had actually been recovered in satisfaction thereof.

That it is within the power of the Legislature to divest a county of a judgment, is without question. It is solely within the province of the Legislature to create, directly or indirectly, counties and like subdivisions and to invest them with powers to effectuate governmental purposes; thus, the Legislature may, in its discretion, increase, modify or abrogate these powers. *See Saluda v. Polk County*, 207 N.C. 180, 176 S.E. 298 (1934); *see also Sanitary District v. Lenoir*, 249 N.C. 96, 105 S.E. 2d 411 (1958). We find no violation of fundamental constitutional precepts in the abrogation, by legislative enactment, of a judgment existing in favor of a county.

We reverse the order of the trial court and remand the cause for entry of dismissal in accordance with this opinion.

Reversed and remanded.

Judges PARKER and ARNOLD concur.