CLYDE E. ROWE, JR., AND DONNA GRANT ROWE v. JOHN THOMAS
WALKER, C. NORMAN WALKER, AND SHIRLEY WALKER KENNEDY

No. 929SC918

(Filed 15 March 1994)

**1. Registration and Probate § 88 (NCI4th)— superiority of interest in land—N.C. as pure race state—purchaser for value not required to be innocent purchaser**

North Carolina is a "pure race" jurisdiction in which the first to record an interest in land holds an interest superior to all other purchasers for value, regardless of actual or constructive notice as to other, unrecorded conveyances, and North Carolina does not require that a purchaser for valuable consideration be an "innocent purchaser"; therefore, because defendants' easement which traversed both Orange and Person Counties was properly recorded in Orange County, plaintiffs had constructive notice of it over their Orange County property, but because the easement was not recorded in Person County, plaintiffs had no notice and the easement did not encumber their Person County property.

**Am Jur 2d, Records and Recording Laws §§ 102 et seq.**

**2. Easements § 40 (NCI4th)— easement across two counties— easement valid in one county—inability to locate easement in one county or other**

Because defendants' roadway easement was valid only in Orange and not in Person County, defendants could be compensated for breach of a dam over which the roadway passed only if the dam lay in Orange County; however, because the border between the counties has never been surveyed, defendants stipulated that it could not be determined in which county the easement was located, and defendants thus failed to carry their burden of establishing that their easement was valid at the point it crossed over the dam.

**Am Jur 2d, Easements and Licenses §§ 64-67.**

**Location of easement of way created by grant which does not specify location. 24 ALR4th 1053.**

**ROWE v. WALKER**

[114 N.C. App. 36 (1994)]

**Locating easement of way created by necessity. 36 ALR4th 769.**

Judge JOHN dissenting.

Appeal by plaintiff from judgment entered 26 March 1992 by Judge Robert H. Hobgood in Person County Superior Court. Heard in the Court of Appeals 2 September 1993.

*Manning, Fulton & Skinner, P.A., by John I. Mabe, Jr. and Alison R. Cayton, for plaintiffs-appellants.*

*Brown & Bunch, by Charles Gordon Brown and Scott D. Zimmerman, for defendants-appellees.*

WYNN, Judge.

In January 1970 Jack and Martha Chavis owned a 70.06 acre tract of farmland. Most of the tract lies in southern Person County, but approximately 7.7 acres lie in northern Orange County. On 19 January 1970, Clyde and Mary Walker (defendants' predecessors in title) acquired an approximately fifty-acre tract of property in Orange County, adjoining the Chavises' land to the south. Shortly thereafter, the Chavises granted the Walkers a twenty-foot wide easement across the Chavises' property to allow the Walkers to use a farm road providing access from the north through Person County to the Walkers' Orange County farmland. The easement was recorded in the Orange County Registry on 23 January 1970. Although a significant portion of the easement lies in Person County, it was not registered there at that time.

On 28 December 1979 the Chavises sold their land to Charles and Linda Hall. On 2 October 1987, plaintiffs purchased the land from the Halls. Plaintiffs promptly registered the deed in both Orange County and Person County.

The easement roadway passed over a dam in the vicinity of the Orange/Person county border. In October 1987, in order to drain a small pond, plaintiffs breached this dam, thereby destroying use of the road and use of the easement at that point. Defendants asked plaintiffs to rebuild the dam. Plaintiffs refused.

On 6 July 1988 defendants recorded their easement in Person County.

ROWE v. WALKER

[114 N.C. App. 36 (1994)]

On 20 October 1988, defendant Norman Walker and others undertook reconstruction of the dam. On 21 December 1988, plaintiffs instituted this proceeding to enjoin defendants and their invitees from using the easement. Plaintiffs also sought an order quieting title to the portion of the property covered by the easement. Defendants counterclaimed for costs expended in repairing the dam.

The trial court concluded that defendants had a valid easement across both the Orange County and Person County portions of plaintiffs' property and awarded defendants $1650.00 with interest in compensation for repairs to the dam.

---

I.

[1] N.C. Gen. Stat. § 47-27 provides that in order to be valid against a purchaser for valuable consideration, a deed of easement must be recorded in the county where the land affected is located:

> All persons, firms, or corporations now owning or hereafter acquiring any deed or agreement for rights-of-way and easements of any character whatsoever shall record such deeds and agreements in the office of the register of deeds of the county where the land affected is situated.
>
> . . .
>
> No deed, agreement for right-of-way, or easement of any character shall be valid as against any creditor or purchaser for a valuable consideration but from the registration thereof within the county where the land affected thereby lies.

N.C. Gen. Stat. § 47-27 (1984). *See also* Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 369 (3d ed. 1988). Recordation in one county has "no effect beyond the borders of that county." *Allen v. Roanoke R.R. & Lumber Co.*, 171 N.C. 339, 341, 88 S.E. 492, 493 (1916). Therefore, where a property interest spans more than one county, it is only effective against other claimants in the counties in which it has been recorded. Because defendants' easement was not duly recorded in Person County at the time plaintiffs recorded their deed there, the easement was not valid against plaintiffs in Person County. "If a conveyance is not recorded by a grantee, it is considered absolutely void with respect to purchasers for value or lien creditors of the same grantor who record their conveyances or docket their liens." *Webster's Real Estate Law in North Carolina* § 369.

**ROWE v. WALKER**

[114 N.C. App. 36 (1994)]

North Carolina is a "pure race" jurisdiction, in which the first to record an interest in land holds an interest superior to all other purchasers for value, regardless of actual or constructive notice as to other, unrecorded conveyances. "Where a grantor conveys the same property to two different purchasers, the first purchaser to record his deed wins the 'race to the Register of Deeds' Office' and thereby defeats the other's claim to the property, even if he has actual notice of the conveyance to the other purchaser." *Hill v. Pinelawn Memorial Park, Inc.*, 304 N.C. 159, 163, 282 S.E.2d 779, 782 (1981); *Bourne v. Lay & Co.*, 264 N.C. 33, 140 S.E.2d 769 (1965). Since defendants failed to register their grant of easement in Person County before plaintiffs registered their deed there, plaintiffs won the "race to the courthouse," and their interest supersedes the later-recorded interest claimed by defendants.

The trial court's conclusion that defendants' easement was valid in Person County was based on an erroneous belief that our law requires a purchaser for valuable consideration to be an "innocent purchaser." The court reasoned that because there were references to the easement within plaintiffs' chain of title, plaintiffs were on constructive notice as to its course through their Person County property. The court stated that buyers with constructive notice did not hold the status of innocent purchasers for valuable consideration. It concluded that therefore, even though defendants' easement had not been recorded, it was valid against these plaintiffs.

North Carolina does not require that a purchaser for valuable consideration be an "innocent purchaser." A "purchaser for value" or a "purchaser for valuable consideration" is defined by our case law simply as one who has paid a valuable consideration for the execution of an instrument of conveyance. *Sansom v. Warren*, 215 N.C. 432, 2 S.E.2d 459 (1939). Plaintiffs meet this definition and thus are purchasers for valuable consideration protected by § 47-27.

Constructive notice *is* relevant in determining priority of interests where duly recorded. Once an interest has been recorded, future claimants are considered to have notice of it and to take subject to it. *Waldrop v. Town of Brevard*, 233 N.C. 26, 62 S.E.2d 512 (1950); *Yount v. Lowe*, 288 N.C. 90, 215 S.E.2d 563 (1975). Because defendants' easement was properly recorded in Orange County, plaintiffs had constructive notice of it over their Orange County property. We affirm the trial court's conclusion that the

portion of defendants' easement over the Orange County property is valid against plaintiffs.

As for the portion of the easement over the Person County property, we reverse the trial court as a matter of law and remand for an order instituting plaintiffs' requested injunctive relief and quieting title to the Person County property in favor of plaintiffs.

II.

[2]  Plaintiffs also contest the trial court's finding that defendants' easement ran over the dam that was breached, thus entitling defendants to $1650.00 for costs expended to repair the dam.

The trial court's finding relied on its conclusion that defendants' entire easement was valid. However, we hold that because the easement was valid only in Orange County, defendants can only be compensated if the dam lies in Orange County.

The parties in this action agree that it cannot be determined whether the dam in fact lies in Orange County. Although the dam is located in the vicinity of the Orange/Person county border, it cannot be determined which county it is in because the border has never been accurately surveyed.

Person County was created in 1791 when Caswell County was divided into two halves, Caswell County to the west, and Person County to the east. Caswell County itself had been created from Orange County in 1771. The General Assembly prescribed the Caswell County boundaries as follows:

> . . . North of a Point Twelve Miles due North of Hillsborough, and bounded as follows, to-wit, Beginning at the aforesaid Point, running thence due East to Granville County Line, thence North along Granville County Line to the Virginia Line, thence West along the Virginia Line to Guilford County Line, thence South along Guilford County Line to a Point due West of the Beginning, thence due East to the Beginning . . . .

Laws of North Carolina 1777, ch. XVII, published in *The State Records of North Carolina* (Walter Clark ed., 1905). However, the Orange/Caswell dividing line was never surveyed or mapped. Thus, the Orange/Person line cannot be accurately determined. The legal dividing line between Orange and Caswell/Person still commences at a point twelve miles due north of Hillsborough, a point whose location may never be known because of the virtual im-

possibility of replicating survey conditions of 1777, but a point that nonetheless is the only one presently recognized at law. The power to create, abolish, enlarge or diminish the boundaries of a county is vested exclusively in the legislature. *See Moore v. Board of Educ. of Iredell County*, 212 N.C. 499, 193 S.E. 732 (1937); *Swain County v. Sheppard*, 35 N.C. App. 391, 241 S.E.2d 525 (1978); N.C. Const. art. VII, § 1. Until the legislature commissions an accurate survey of the boundary, we cannot determine which county the dam is in and therefore whether defendants' easement passes over it.

As the pleading party, defendants have the burden of establishing that their easement is valid at the point that it crosses over the dam. *Wells v. Clayton*, 236 N.C. 102, 72 S.E.2d 16 (1952). Defendants cannot prove that the dam lies in Orange County; in fact, they have stipulated that the county in which it is located cannot be determined. Defendants therefore fail to carry their evidentiary burden, and we reverse accordingly.

For the reasons discussed herein, the judgment of the trial court is reversed.

Reversed and remanded.

Judge JOHNSON concurs.

Judge JOHN dissents in a separate opinion.

Judge JOHN dissenting.

I believe the trial court correctly concluded that plaintiffs, as a result of recordation of the easement in Orange County, were chargeable with constructive notice of the existence and entire course of that easement. In addition, contrary to the majority's assertion, I also believe our law requires that "purchasers for value," in order to claim protection under N.C. Gen. Stat. § 47-27 (1984), must indeed be "innocent." *See Hill v. Memorial Park*, 304 N.C. 159, 165, 282 S.E.2d 779, 783 (1981) (N.C. recording statutes "do[ ] not protect all purchasers, but only *innocent* purchasers for value") (emphasis added) (citations omitted); *see also Green v. Miller*, 161 N.C. 25, 31, 76 S.E. 505, 508 (1912) (purchaser *without notice* of right or interest of third party, who pays full and fair price at time of purchase or before notice, takes property free from right

of third party "because he is regarded as an innocent purchaser . . . . It is a perfectly just rule, and it would be strange if the law were otherwise.") (Emphasis added). Thus plaintiffs, having constructive notice the easement was located in Orange and Person counties, were not "innocent" purchasers of the land in question and therefore took title subject to the easement in both counties. Accordingly, I respectfully submit the trial court ruled properly and vote to affirm the court's order in its entirety.

The purpose of North Carolina's recording statutes is to "provide a single reliable means for purchasers to determine the state of the title to real estate," *Stegall v. Robinson*, 81 N.C. App. 617, 619, 344 S.E.2d 803, 804 (citations omitted), *disc. review denied*, 317 N.C. 714, 347 S.E.2d 456 (1986), and to provide record notice "upon the absence of which a prospective innocent purchaser may rely." *Whitehurst v. Abbott*, 225 N.C. 1, 5, 33 S.E.2d 129, 132 (1945). However, these statutes do "not protect all purchasers, but only *innocent* purchasers for value." *Hill*, 304 N.C. at 165, 282 S.E.2d at 783 (emphasis added); *see also Morehead v. Harris*, 262 N.C. 330, 338, 340-42, 137 S.E.2d 174, 182, 183-85 (1964).

As a consequence of the statutes:

[a] purchaser of land is charged with notice of every description, recital, reference and reservation in deeds or muniments in *his* grantors' chain of title, and . . . if the facts disclosed in such chain or [sic] title are sufficient to put the purchaser on inquiry, he will be charged with notice of what a proper inquiry would have disclosed.

*Hughes v. Highway Comm.*, 275 N.C. 121, 130, 165 S.E.2d 321, 327 (1969) (emphasis added) (citation omitted). "A purchaser . . . has constructive notice of all duly recorded documents that a proper examination of the title should reveal," *Stegall*, 81 N.C. App. at 619, 344 S.E.2d at 804 (citation omitted), and such notice suffices to deprive a purchaser of "innocence" with respect to such documents. *See Hill*, 304 N.C. at 165, 282 S.E.2d at 783; *see also Butler v. Winston*, 223 N.C. 421, 427, 27 S.E.2d 124, 127 (1943). This principle of constructive notice implied from proper registration has long been recognized and relied upon by our courts. *See, e.g., Clark v. R.R.*, 192 N.C. 280, 283, 135 S.E. 26, 27 (1926).

G.S. § 47-27, set out in the majority opinion, requires registration of easements in order for an interest in land claimed thereunder

to be effective as against "purchaser[s] for a valuable considera-
tion." To defeat defendants' claim to an easement, therefore, plain-
tiffs must be within the class of persons the registration statutes
are designed to protect—"innocent purchasers for value," *Hill*, 304
N.C. at 165, 282 S.E.2d at 783; that is, purchasers whose proper
examination of the appropriate chain of title would reveal no "duly
recorded documents" evidencing interests in the property adverse
to their own. *Stegall*, 81 N.C. App. at 619, 344 S.E.2d at 804.
Unlike the majority, I do not believe plaintiffs meet the test.

The deeds from Jack and Martha Chavis to the Halls, and
in turn from the Halls to plaintiffs, both specifically referred to
the land as being located in Person *and* Orange counties. Plaintiffs
properly registered their deed in both counties, signifying their
awareness of two recorded chains of title.

A proper, thorough title search by plaintiffs would have includ-
ed "running the chain of title" to ascertain all previous owners
of the land, and thereafter investigating all the "out" conveyances
by each owner. *See generally* Patrick K. Hetrick & James B.
McLaughlin, Jr., *Webster's Real Estate Law in North Carolina*
§§ 458 to 463, at 601-23, § 490, at 670 (3d ed. 1988). This would
have been accomplished by utilizing the Grantee and Grantor Indexes
maintained in both counties. These indexes refer the title-searcher
to specific pages of separate volumes wherein copies of documents
reflecting the listed transactions may be found. *Id.* § 460, at 608.
This is significant because checking a grantor's out-conveyances
involves more than merely glancing at the brief description of
the property in the Grantor Index—"[t]he *recorded instruments
themselves* should be looked at . . . ." *Id.* § 463 at 622-23.

While this latter requirement of detailed examination of col-
lateral deeds has been criticized, *see Stegall*, 81 N.C. App. at 620-21,
344 S.E.2d at 805-06, it is derived from admonitions adopted by
our courts. *See Reed v. Elmore*, 246 N.C. 221, 230-32, 98 S.E.2d
360, 366-68 (1957). This Court followed and amplified *Reed* in *Stegall
v. Robinson*, stating:

> *Reed* stands for the rule that in title examination when check-
> ing the grantor's out conveyances it is not enough to merely
> insure that the subject property was not conveyed out previous-
> ly. The title examiner must *read* the prior conveyances to
> determine that they do not contain restrictions applicable to
> the use of the subject property.

*Stegall*, 81 N.C. App. at 620, 344 S.E.2d at 805. In addition, we recently had occasion to observe that "*Reed* remains good law today." *Gregory v. Floyd*, 112 N.C. App. 470, 476, 435 S.E.2d 808, 812 (1993). Again, "[t]he law contemplates that a purchaser of land will examine each recorded deed and other instrument in his chain of title and charges him with notice of every fact affecting his title which an accurate examination of the title would disclose." *Waters v. Phosphate Corp.*, 310 N.C. 438, 441-42, 312 S.E.2d 428, 432 (1984) (citation omitted).

Plaintiffs impliedly concede they were required to examine the record chain of title in both counties wherein the tract of land in question is located. They further concede that, by virtue of prior registration of the easement in Orange County, they were put on constructive notice of the existence of the easement as to that county. Under the foregoing authorities, I respectfully submit, plaintiffs are further charged with constructive notice of the duly recorded out-conveyance by which the easement was created *including the contents* thereof. " 'The deed was notice to them of all it contained; otherwise, the purpose of the recording acts would be frustrated.' " *Stegall*, 81 N.C. App. at 620, 344 S.E.2d at 805 (quoting with approval *Finley v. Glenn*, 154 A. 299, 301 (Pa. 1931) ). If plaintiffs had properly conducted the required title examination in Orange County, they would have discovered not only conveyance of an easement to the Walkers. They would also have found the extent and course of that easement unambiguously described in the deed of conveyance and thus ascertained, at least upon "prudent" inquiry pursued "with reasonable diligence," *Highway Comm. v. Wortman*, 4 N.C. App. 546, 552, 167 S.E.2d 462, 466 (1969) (quoting *Jones v. Warren*, 274 N.C. 166, 173, 161 S.E.2d 467, 472 (1968) ), its location in *both* Orange and Person counties.

Because plaintiffs had constructive notice of the entire course of the easement derived from the recorded instrument in Orange County, they took title subject to the easement in both counties, wherever the boundary line between them might be located. When a grantor burdens his property by written conveyance which appears in his chain of title, a subsequent purchaser from that grantor has constructive notice of that burden in the chain of title and takes subject thereto. *Reed*, 246 N.C. at 230, 98 S.E.2d at 366-67; *Waters*, 310 N.C. at 441-42, 312 S.E.2d at 432.

Under the limited circumstances of this case, therefore, I would approve the trial court's determination that "plaintiffs' constructive notice of the existence and course of the Walker easement did not stop at the Person County line; constructive notice is notice for all purposes and not fictionally discontinued or suspended by a county line which intersects a single parcel of land." Therefore, I vote to affirm the court's ruling that plaintiffs, being chargeable with constructive notice of the existence and course of the easement in both Orange and Person counties, were thus not "innocent" purchasers for a valuable consideration and were not entitled to rely upon G.S. § 47-27.