IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-1123

Filed: 20 September 2016

Avery County, No. 14 CVS 268

EVERETT E. HENKEL, JR., Plaintiff,

v.

TRIANGLE HOMES, INC., Defendant.

Appeal by Defendant from final order and judgment entered 25 May 2016 by Judge Gary M. Gavenus in Avery County Superior Court. Heard in the Court of Appeals 31 March 2016.

> *Di Santi Watson Capua Wilson & Garrett, PLLC, by Anthony S. di Santi, for Plaintiff-Appellee.*
>
> *Asheville Law Group, by Michael G. Wimer and Jake A. Snider, for Defendant-Appellant.*

INMAN, Judge.

A deed to real property obtained at a foreclosure sale without notice to the United States does not extinguish a pre-existing federal tax lien on the property.

Triangle Homes, Inc. ("Defendant") appeals from the trial court's 29 May 2015 judgment in favor of Everett Henkel ("Plaintiff") in a quiet title action. Defendant contends that (1) the trial court erred because North Carolina is a "pure race" jurisdiction and Defendant recorded its deed prior to Plaintiff recording his deed; (2) the local tax lien was superior to the federal tax lien and therefore extinguished the

federal tax lien upon foreclosure; and (3) the federal tax lien was discharged when the Internal Revenue Service issued its Deed of Real Estate to Plaintiff.

After careful review, we affirm the trial court's order.

## I.   Factual and Procedural History

On 31 January 2007 Zodie and Sage Johnson conveyed to Garry and Amanda Lynch ("the Lynches") a warranty deed for Lot 87 of Mushroom Park Subdivision ("the Parcel") in Avery County, North Carolina.  The Lynches recorded the deed with the Avery County Register of Deeds Office on 2 February 2008.  Following the conveyance, a series of federal and municipal property tax liens were levied against the Parcel.  The first of these was a federal tax lien for the amount of $888,765.42 issued on 7 December 2011 and recorded by the United States with the Avery County Register of Deeds Office on 29 December 2011.  The second was a federal tax lien for the amount of $877,490.42 issued on 27 August 2012 and recorded by the United States with the Avery County Register of Deeds Office on 4 September 2012.  The third lien was for a tax liability to the Village of Sugar Mountain ("the Village"), an incorporated municipality.

On 12 February 2013, the Village filed a complaint in Avery County District Court alleging the Lynches had failed to pay local property taxes for the Parcel in the amount of $2,575.16.  On 23 September 2013 the district court entered a Default Judgment against the Lynches and issued a notice of foreclosure sale scheduled for

13 November 2013. Although federal statute 26 U.S.C. § 7425(a) required notice to be given to the United States, at no point before or during the district court action or the foreclosure sale following that action was the United States joined as a party or provided notice.

The Village's judicial tax foreclosure sale took place on 13 November 2013 at 10:00 a.m. No one attended the sale except for a representative of the Village, which was the highest bidder with a purchase price of $6,673.73.

The following day, 14 November 2013, the federal tax lien foreclosure sale was held and the Parcel was sold to Plaintiff for a total purchase price of $172,000 with a deposit of $20,000 paid at the foreclosure sale. It was made known to the attendants at the second foreclosure sale that there had been a prior foreclosure sale the day before on a municipal tax lien. After several conversations, a representative for the Village, the highest bidder at the municipal tax foreclosure sale, agreed to assign any interest it had in the Parcel to the highest bidder at the federal tax foreclosure sale. Plaintiff received a "Receipt for Deposit" and "Notice to Purchaser or Purchaser's Assignee" for this sale on 14 November 2013.

On this same day, approximately four hours after the federal tax lien foreclosure sale, and with proper notice of the federal tax lien foreclosure sale and the events occurring therein, Defendant filed an upset bid on the Village's judicial foreclosure sale in the amount of $7,423.73. Following the filing of this upset bid, an

attorney for the Village warned Defendant's principal about the federal tax lien and foreclosure sale, explained that the deed Defendant was purchasing was a quitclaim deed with no warranties so that Defendant was unlikely to be able to obtain a clean title, and offered to refund Defendant's deposit. Defendant's principal acknowledged his understanding and proceeded to affirm his upset bid.[1]

On or before 14 December 2013, Plaintiff tendered the remaining balance for the purchase price to the Internal Revenue Service. On 16 December 2013, Plaintiff received a Form 2435 Certificate of Sale of Seized Property.

On 3 January 2014, Defendant filed a Motion Confirming Foreclosure Sale with the Avery County District Court, seeking to confirm its upset bid. The district court entered a Final Report and Accounting of Foreclosure Sale for the Village's judicial foreclosure, awarding the Parcel to Defendant for the amount of $7,423.73 on 21 January 2014. On or about this date, Defendant paid the final purchase price and an attorney for the Village drafted and executed a Commissioner's Deed, which Defendant recorded on 7 April 2014.

---

[1] After obtaining the quitclaim deed for $7,423.73 in November 2013, Defendant's principal, on behalf of Defendant, entered into a contract to sell the Parcel to third parties for $144,000.00 and promised to convey fee simple marketable title, free of all liens. Defendant's principal did not disclose to the third parties the federal tax lien or the fact that Plaintiff had purchased the Parcel in the federal tax foreclosure sale. After the North Carolina Real Estate Commission accused Defendant's principal, James McClure, of improper, fraudulent and/or dishonest dealing in violation of N.C. Gen. Stat. § 93A-6(a)(10) as the result of his conduct with regard to the Parcel, Mr. McClure voluntarily surrendered his North Carolina real estate broker's license.

On 20 May 2014, following a statutory 180-day waiting period in which no one redeemed the property following the federal tax foreclosure sale, Plaintiff mailed the Certificate of Sale of Seized Property to the Internal Revenue Service. On 28 May 2014, Plaintiff received a Deed of Real Estate from the Internal Revenue Service. Plaintiff recorded the deed on 6 June 2014 with the Avery County Register of Deeds Office.

Plaintiff filed a complaint against Defendant on 15 October 2014 in Avery County Superior Court seeking quiet title in the Parcel. Following Defendant's Answer, both parties filed Motions for Summary Judgment. The cross-motions were heard on 11 May 2015. On 25 May 2015, the trial court entered summary judgment in favor of Plaintiff, declaring Plaintiff "the owner in fee simple" of the Parcel and awarding Plaintiff his costs incurred in the action.

Defendant timely filed a Notice of Appeal.

**II.    Analysis**

**A. Standard of Review**

"An award of summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that any party is entitled to judgment as a matter of law.'" *Austin Maintenance & Constr., Inc. v. Crowder Constr. Co.*, 224 N.C. App. 401, 407, 742 S.E.2d 535, 540 (2012) (quoting N.C. Gen. Stat. §

1A-1, Rule 56(c)). On appeal, the standard of review from summary judgment "is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Id.* at 408, 742 S.E.2d at 541 (internal citations omitted). A trial court's decision granting summary judgment is reviewed *de novo. Id.* (citing *Va. Elec. & Power Co. v. Tillett*, 80 N.C. App. 383, 385, 343 S.E.2d 188, 191 (1986)).

**B. North Carolina as a "pure race" jurisdiction**

Defendant first contends that its deed should prevail because it was the first to record a deed with the Avery County Register of Deeds Office. We disagree.

Defendant's argument relies on N.C. Gen. Stat. § 47-18(a), North Carolina's recordation statute, which provides:

> No (i) conveyance of land, or (ii) contract to convey, or (iii) option to convey, or (iv) lease of land for more than three years shall be valid to pass any property interest as against lien creditors or purchasers for a valuable consideration from the donor, bargainer or lesser but from the time of registration thereof in the county where the land lies . . . .

N.C. Gen. Stat. § 47-18(a) (2015). This statute makes North Carolina a "pure race" jurisdiction, "in which the first to record an interest in land holds an interest superior to all other purchases for value, regardless of actual or constructive notice as to other, unrecorded conveyances." *Rowe v. Walker* 114 N.C. App. 36, 39, 441 S.E.2d 156, 158 (1994). N.C. Gen. Stat. § 47-18(a) applies "[w]here a grantor conveys the same property to two different purchasers," and results in "the first purchaser to record his

deed win[ning] the 'race to the Register of Deeds' Office' and thereby defeat[ing] the other's claim to the property, even if he has actual notice of the conveyance to the other purchaser." *Id.* (internal citations omitted). This statute, however, is inapplicable to the case at hand.

At the time of the Village's judicial foreclosure sale, there were three prior recorded tax liens on the Parcel: the Village's municipal tax lien and the two federal tax liens. Generally, in North Carolina, municipal tax liens are superior to federal tax liens. Title 26 of the United States Code Section 6323(b)(6) governs the validity of federal tax liens and provides as follows:

> (b) Protection for certain interests even though notice filed.--Even though notice of a lien imposed by section 6321 has been filed, *such lien shall not be valid--*
>
> [. . .]
>
> (6) Real property tax and special assessment liens.--With respect to real property, as against a holder of a lien upon such property, if such lien is entitled under local law to priority over security interest in such property which are prior in time, and such lien secures payment of--
>
> (A) a tax of general application levied by any taxing authority based upon the value of such property;

26 U.S.C. § 6323(b)(6) (2012). North Carolina law grants priority to the local tax liens described in Section 6323(b)(6) over federal tax liens:

> (a) On Real Property.--The lien of taxes imposed on real and personal property shall attach to real property at the time prescribed in G.S. 105-355(a). The priority of that lien

shall be determined in accordance with the following rules:

(1) Subject to the provisions of the Revenue Act prescribing the priority of the lien for State taxes, the lien of taxes imposed under the provisions of this Subchapter shall be superior to all other liens, assessments, charges, rights, and claims of any and every kind in and to the real property to which the lien for taxes attaches regardless of the claimant and regardless of whether acquired prior or subsequent to the attachment of the lien for taxes.

N.C. Gen. Stat. § 105-356(a)(1) (2015).  Therefore, a federal tax lien is junior to any local tax lien.

Generally, foreclosure of a senior lien extinguishes all junior liens.  *Dixieland Realty Co. v. Wysor*, 272 N.C. 172, 175, 158 S.E.2d 7, 10 (1967) ("Ordinarily, all encumbrances and liens which the mortgagor or trustor imposed on the property subsequent to the execution and recording of the senior mortgage or deed of trust will be extinguished by sale under foreclosure of the senior instrument.") (citing *St. Louis Union Trust Co. v. Foster*, 211 N.C. 331, 190 S.E. 522 (1937)).  To ensure a valid foreclosure sale, a senior lien holder must follow certain procedures.  N.C. Gen. Stat. § 1-339.1 *et seq.* governs the procedures for judicial foreclosure sales, however, where property is subject to a federal tax lien, federal law imposes additional procedures.

The general rule making federal tax liens inferior to local tax liens applies only when the United States is provided prior notice of a foreclosure sale arising from a local tax liability.  26 U.S.C. § 7425(a) (2012) provides that a senior lien holder foreclosing on property subject to a federal tax lien must provide the United States

with notice prior to the foreclosure sale. If the United States has not been provided notice of a judicial foreclosure proceeding, any federal tax lien on the foreclosed property remains undisturbed. 26 U.S.C. § 7425(a) provides in pertinent part:

> (a) Judicial proceedings.--If the United States is not joined as a party, a judgment in any civil action or suit described in subsection (a) of section 2410 of Title 28 of the United States Code, or a judicial sale pursuant to such a judgment, with respect to property on which the United States has or claims a lien under the provisions of this title--

> (1) shall be made subject to and without disturbing the lien of the United States, if notice of such lien has been filed in the place provided by law for such filing at the time such action or suit is commenced . . . .

When federal and state law conflict, *i.e.*, "where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress[,]" federal law preempts state law. *Guyton v. FM Lending Servs., Inc.*, 199 N.C. App. 30, 44-45, 681 S.E.2d 465, 476 (2009). Therefore, a foreclosure proceeding and sale will not disturb or extinguish a previously recorded federal tax lien unless the United States is properly notified and made a party to the proceeding. *See, e.g., Myers v. U.S.*, 647 F.2d 591, 596-97 (5th Cir. 1981) ("Although under state law the inferior mortgages and liens were discharged by the foreclosure sale, . . . if the proper type of notice required by federal statute is not afforded where so required, the federal tax lien then remains unaffected by the foreclosure process and will follow the property into the hands of the subsequent purchaser . . . .").

It is undisputed that the federal tax liens against the Parcel were properly issued and recorded in the Avery County Register of Deeds Office on 29 December 2011 and 4 September 2012. Approximately one year later, and before the federal liens were discharged, the Village filed a complaint in Avery County District Court and was granted a Default Judgment for a tax deficiency on the Parcel. The undisputed facts further establish that the United States was not made a party to the judicial foreclosure proceedings that followed the Default Judgment. Therefore, the federal tax liens survived the judicial foreclosure sale and Defendant took the Parcel subject to these liens.

The United States and the Internal Revenue Service have a right to levy and sell any real property in an effort to collect on unpaid taxes. 26 U.S.C. § 6330 *et seq.* (2012) "The term 'levy' as used in this title includes the power of distraint and seizure by any means." 26 U.S.C. § 6331(b). Following a sale pursuant to Section 6335, "[t]he owners . . . *or any person having any interest therein,* . . . shall be permitted to redeem the property sold, or any particular tract of such property, at any time within 180 days after the sale thereof." 26 U.S.C. § 6337(b)(1) (emphasis added).

Defendant's purchase of the Parcel as the upset bidder from the 13 November 2013 foreclosure sale discharged the local tax lien and Defendant was conveyed a quitclaim deed by the Village. "A quitclaim deed conveys only the interest of the grantor, whatever it is, no more and no less." *Heath v. Turner*, 309 N.C. 483, 491,

308 S.E.2d 244, 248 (1983) (citing *Hayes v. Ricard,* 245 N.C. 687, 691, 97 S.E.2d 105, 108 (1952)).

Because the Village's foreclosure action and judicial foreclosure sale violated federal law by failing to provide notice to, and joining as a party, the United States, and occurred prior to the federal tax lien foreclosure sale, Defendant's quitclaim deed was conveyed subject to the federal tax lien. Defendant's deed granted it the right to redeem the Parcel from the federal tax foreclosure sale pursuant to 26 U.S.C. § 6337, quoted *supra.* However, Defendant failed to redeem within the 180 days prescribed by law, and therefore, forfeited any rights it had to the Parcel.

Because Defendant's claim to the Parcel based upon the quitclaim deed was subordinate to Plaintiff's claim based upon the superior federal tax lien, North Carolina's recordation statute, N.C. Gen. Stat. § 47-18(a), does not apply. Winning the race to the courthouse does not upset the rules of lien priority established by state and federal law, including federal preemption when those laws conflict.

Defendant was put on notice of the federal tax lien foreclosure sale following the judicial foreclosure sale and had the opportunity to exercise its right to redeem the Parcel. However, Defendant did not exercise this right within the redemption period and consequently severed its claim to the Parcel. Defendant's argument that the discharge of the federal lien as to Plaintiff, as a result of the federal tax foreclosure sale, also extinguished the lien as to Defendant is without merit.

### III. Conclusion

For the reasons stated above we affirm the trial court's order granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment and Judgment as a Matter of Law.

AFFIRMED.

Judges DIETZ and TYSON concur.